TOM ODOM, ADMINISTRATOR, v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 30 March, 1927.)

**1. Negligence—Automobiles—Third Persons — Railroads — Crossings—
Collisions.**

Evidence that plaintiff's intestate was riding on the running board of
an auto-truck with the implied permission of the driver, who was in full
control of its operation, does not tend to establish the responsibility of
the intestate for the negligence of the driver in crossing a railroad track,
and the killing of the intestate in consequence of a collision of the truck
with the defendant railroad company's train.

**2. Same—Imminent .Peril—Place of Safety—Contributory Negligence—
Questions of Law—Courts.**

The improvident act of one placed in imminent peril of his life by the
negligent act of another, under circumstances requiring quick decision
for the preservation of his life, does not alone bar his right of action
upon the issue of contributory negligence, when the intestate, by a fortu-
nate circumstance could have remained in a place of safety.

**3. Same—Evidence—Questions for Jury.**

The plaintiff's intestate, by implied invitation of the driver of an auto-
truck, was riding on the running board of the truck when it crossed de-
fendant's railroad track, where it was struck by the defendant's passing
train after its flagman or a member of its crew had signalled the driver
of the truck to cross, which the truck safely did, but the intestate, in
imminent peril of his life, jumped from the truck and was killed by the
train : *Held,* the issue of contributory negligence should have beeen sub-
mitted to the jury.

APPEAL by plaintiff from *Midyette, J.,* at October Term, 1926, of
CUMBERLAND.

Civil action to recover damages for the death of plaintiff's intestate,
alleged to have been caused by the wrongful act, neglect or default of
the defendant.

There is evidence on behalf of the plaintiff tending to show that the
witness, Preston Cope, and the deceased, Ernest Skeen, were both em-
ployees of the Alabama Concrete Products Company, which .company
had a contract to place one of the concrete State highways near the city
of Fayetteville.  Cope was a truck driver and the deceased worked at
the concrete mixing machine.  It was the custom of the .deceased to
catch a ride out on the road to the mixing plant on some of the trucks
operated by the drivers of the concrete company.  On the morning of
21 August, 1924, Cope was driving an empty truck along Chance Street,
in the city of Fayetteville, going westwardly and had to cross four
tracks of the Atlantic Coast Line Railroad Company to reach the plant
of the concrete company on the west side of the railroad track, located

on Orange Street. When Cope stopped the truck at the "N. C. Stop" sign the deceased jumped on the running board of the Ford truck on the left-hand side of the truck, and then the two started to cross the railroad tracks. Cope drove slowly toward the crossing, and after arriving within about two and one-half feet of the track upon which it later appeared the train was passing, he heard some one "holler" "Look Out!" two or three times. Looking, he first saw nothing, but looking again to the left and on the side of the truck where Skeen was riding, he saw a freight train coming at a speed of 12 to 15 miles per hour, backing toward the crossing. The truck was still at a standstill about two and a half feet from the track, when the brakeman, or man on the train, "waved" to them and told them to proceed across the track, and before the truck had yet moved, the brakeman repeated his direction to go across three or four times. Cope, the driver, finally, in obedience to this direction proceeded across, when, just as the train was about to collide with the truck, and on the side where Skeen was riding, Skeen jumped from the truck and was caught by the train and instantly killed. The truck cleared the track and was not struck. No whistle was sounded. No bell was rung on the train. The witness, Gregory, an ex-railroad man, testified that the train could have been stopped after the truck started across before it reached the point where the truck was crossing.

On motion of the defendant, made at the close of plaintiff's evidence, judgment was entered as in case of nonsuit, dismissing the action, from which the plaintiff appeals, assigning error.

*Bullard & Stringfield for plaintiff.*
*Rose & Lyon for defendant.*

STACY, C. J., after stating the case: The facts of the instant case are so nearly like those in the case of *Parker v. R. R.,* 181 N. C., 95, and the principles of law applicable are so thoroughly discussed in that case, with full citation of authorities, that we deem it unnecessary to do more than refer to the *Parker case,* as authority for reversing the present judgment of nonsuit. See, also, *McLellan v. R. R.,* 155 N. C., 1.

The evidence of negligence is plenary, and even though Cope, the driver of the truck, may have been guilty of negligence, which also contributed to the plaintiff's intestate's injury and death, still the plaintiff would be entitled to have the case submitted to the jury, for, in this jurisdiction, the negligence of the driver of a public or private conveyance is not imputed to a passenger for hire or a guest therein, unless such passenger or guest exercise some kind of control or authority over the driver of the conveyance. *Duval v. R. R.,* 134 N. C., 331; *White v. Realty Co.,* 182 N. C., 536; 20 R. C. L., 163.

Nor can it be said, as a matter of law, from the evidence appearing on the present record, that plaintiff's intestate's alleged contributory negligence was such as to bar a recovery. In *Dyer v. Erie Ry. Co.,* 71 N. Y., 228, it was held (as stated in the last head-note) : "The mere fact that a person jumps from a vehicle in which he is traveling, where there is imminent danger of its coming in collision with an approaching train at a crossing, does not bar a recovery against the railroad corporation, although it appears that he made a mistake and would have escaped injury had he remained quiet."

This position is directly upheld in *Parker v. R. R., supra,* and is supported, in tendency at least, by what was said in *Norris v. R. R.,* 152 N. C., 513.

There was error in entering judgment as of nonsuit. This will be reversed and the cause remanded for trial before a jury.

Reversed.