L. E. SMITH, ADMINISTRATOR OF BOYD SMITH v. ATLANTIC AND YADKIN RAILWAY COMPANY.

(Filed 27 January, 1931.)

**1. Railroads D b—Held: driver's negligence not imputed to guest and administrator of guest not barred thereby in action against railroad.**

Where the plaintiff's intestate is a guest in an automobile driven by the owner and is killed in a collision with a railroad train at a crossing with the highway, and there is evidence tending to show that the guest had no control or direction over the driver of the car and that both the driver and the defendant's employee running the train were guilty of negligence which acting together proximately caused the injury in suit, the negligence of the driver of the car will not be imputed to the plaintiff's intestate and it is not contributory negligence barring the right of the administrator of the intestate from recovering against the railroad company, and the evidence is properly'submitted to the jury on the question of the railroad company's negligence and proximate cause.

**2. Highways B k—Guest in automobile is required to use due care for his own safety.**

Although a mere guest in an automobile driven by its owner is not ordinarily responsible for the negligence of the owner, he is required to take due care for his own safety, but in a position of sudden peril he is not required to exercise that degree of care required of him in ordinary circumstances, and the circumstances may be considered by the jury in determining his right to recover.

**3. Same—Question of whether guest was negligent in failing to warn driver of impending peril held question for jury.**

The invitee of the owner and driver of an automobile met his death as the result of a collision of the automobile in which he was riding, with a train at a grade crossing, and upon the trial of the action by his administrator to recover damages for his wrongful death against the railroad company there was evidence tending to show that the

accident resulted from the concurring negligence of the driver and the defendant's employees, and that the intestate saw the danger, but did not warn the driver, the driver perceiving the danger at the same time and doing all that he could under the circumstances to avoid the collision, upon this and other evidence *per contra, Held:* it was for the jury to determine whether the plaintiff's intestate used due care for his own safety upon the question as to whether the intestate was guilty of contributory negligence barring right of his administrator to recover, the burden of showing contributory negligence being on the defendant.

**4. Negligence B d—Where negligence of two parties concurs in proximately causing injury both are liable as joint tort-feasors.**

In an action to recover damages for an alleged negligent injury there may be two or more proximate causes of the injury, and where this condition exists and the party injured is free from fault, those responsible for the causes are liable for the entire damages sustained as joint *tort-feasors*, and the negligence of one will not be permitted to exculpate the other, there being no right to contribution between joint *tort-feasors*.

APPEAL by defendant from *McElroy, J.,* at April Term, 1930, of GUILFORD. No error.

This is an action to recover damages for the wrongful death of plaintiff's intestate, who was fatally injured as the result of a collision, at a public crossing in the city of Greensboro, between an automobile in which plaintiff's intestate was riding as a passenger, and an engine and tender owned and operated by the defendant.

The collision occurred at about 9 o'clock p.m., on 5 December, 1928. Plaintiff's intestate died as the result of his injuries about thirty minutes after the collision. This action was begun on 4 February, 1929.

The issues submitted to the jury, involving defendant's liability and the damages sustained by the plaintiff, resulting from the death of his intestate, were answered as follows:

"1. Was plaintiff's intestate killed through the negligence of the defendant, Atlantic and Yadkin Railway Company, as alleged in the complaint? Answer: Yes.

2. Did plaintiff's intestate, by his own negligence, contribute to his death, as alleged in the answer? Answer: No.

3. What damages, if any, is plaintiff entitled to recover? Answer: $21,000."

From judgment on the verdict that plaintiff recover of the defendant the sum of $21,000, and the costs of the action, defendant appealed to the Supreme Court.

*Brooks, Parker, Smith & Wharton for plaintiff.*
*Frank P. Hobgood for defendant.*

CONNOR, J. It may be conceded, as contended by defendant, that there was evidence at the trial of this action tending to show that the driver of the automobile in which plaintiff's intestate was riding as a passenger when he was injured and killed as the result of its collision with defendant's engine and tender, at a grade crossing in the city of Greensboro, was negligent and that his negligence was a proximate cause of the death of plaintiff's intestate. There was evidence to the contrary. There was evidence, also, tending to show that defendant was negligent, as contended by plaintiff, and that its negligence was, at least, one of the proximate causes of the injuries sustained by plaintiff's intestate, which resulted in his death. There was conflict in the evidence as to whether the driver of the automobile was negligent, and also as to whether the defendant was negligent. Conceding that both were negligent, there was conflict also in the evidence as to whether the negligence of the driver of the automobile or the negligence of the defendant was the sole, proximate cause of the death of plaintiff's intestate, or as to whether the negligence of both concurred as proximate causes of his death.

This evidence was properly submitted to the jury on the first issue. The law, certainly in this jurisdiction, applicable to the facts as the jury might find them from the conflicting evidence pertinent to the first issue, is well settled by authoritative decisions of this Court. It has been frequently stated and applied in cases growing out of collisions, where the plaintiff was a passenger in an automobile and was injured as the result ·of a collision between the automobile in which he was riding at the time he was injured, and another automobile or a train. Thus in *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564, it is said:

"Conceding that McQuay, the owner and driver of the Ford machine, was negligent, as it is quite apparent from the evidence that he was, yet this would not shield the defendant from suit, if its negligence was also one of the proximate causes of plaintiff's injuries. *Crampton v. Ivie,* 126 N. C., 894, 36 S. E., 351. There may be two or more proximate causes of an injury; and when this condition exists, and the party injured is free from fault, those responsible for the causes must answer in damages, each being liable for the whole damage, instead of permitting the negligence of one to exonerate the others. This would be so, though the negligence of all concurred and contributed to the injury, because, with us, there is no contribution among joint *tort-feasors.* *Wood v. Public Service Corp.,* 174 N. C., 697, 94 S. E., 459."

Again in *Albritton v. Hill,* 190 N. C., 429, 130 S. E., 5, it is said: "In reference to concurrent negligence, we have held that where two proximate causes contribute to the injury, the defendant is liable if his

negligent act brought about one of such causes. *Mangum v. R. R.,* 188 N. C., 689, 125 S. E., 549; *Hinnant v. Power Co.,* 187 N. C., 288, 121 S. E., 540; *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564; *Wood v. Public Service Corp.,* 174 N. C., 697, 94 S. E., 459; *Harton v. Telephone Co.,* 141 N. C., 455, 54 S. E., 299. We have also held that negligence on the part of the driver of a car will not ordinarily be imputed to another occupant, unless such other occupant is the owner of the car or has some kind of control over the driver. See cases cited in the concurring opinion in *Williams v. R. R.,* 187 N. C., 348, 121 S. E., 608."

In the more recent case of *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180, where the judgment in favor of the plaintiff and against the defendant, for damages for the wrongful death of plaintiff's intestate, resulting from a collision between the automobile in which plaintiff's intestate was riding, as a passenger, and defendant's train, at a public crossing, was affirmed on defendant's appeal to this Court, it is said: "Of course, if the negligence of the driver is the sole, only, proximate cause of the injury, the injured party cannot recover." Where, however, as in that case, the negligence of the defendant was the sole, proximate cause of the injury, or such negligence concurred with the negligence of the driver of the automobile, in which plaintiff or his intestate was riding, as a proximate cause of the injury or death, the plaintiff is entitled to recover of the defendant the damages resulting from the injury or death, unless the plaintiff or his intestate by his own negligence, contributed to his injury or death, as the case may be. In the latter case recovery is denied, because the negligence of the plaintiff or of his intestate concurred with and contributed to the injury or death. Upon well settled principles of the common law, which are in force in this State, except where modified or abrogated by statute, the contributory negligence of the plaintiff bars recovery of damages resulting from an injury, although the negligence of the defendant was also a proximate cause of the injury. The trend of legislation and of judicial decisions, however, is not favorable to an extension of the principles on which the doctrine of contributory negligence as a bar to recovery of damages caused by the negligence of the defendant rests. The trend is decidedly to the contrary, especially in actions by employees to recover of employers damages for personal injuries caused by the negligence of the employer. In this State, while the driver of an automobile approaching a public crossing is required by statute in certain instances to stop within a specified distance from the crossing, failure to comply with the statutory requirement cannot be relied on as contributory negligence in an action by the driver to recover damages caused by the negligence of the railroad company. C. S., 2621(48).

There was no error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit, at the close of all the evidence

in this case, unless, as contended by defendant, upon all the evidence, the burden being on the defendant (C. S., 523) the plaintiff's intestate by his own negligence contributed to his death. *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598. The evidence with respect to this aspect of the case tends to show that plaintiff's intestate, Boyd Smith, was riding in the automobile with his brother, Ed Smith, and his cousin, Howard Smith; that Ed Smith was the owner and driver of the automobile, and Boyd Smith and Howard Smith were passengers, all three sitting on the front seat; that when the automobile, proceeding along a public street of the city of Greensboro, was about 125 or 130 feet of the crossing at which the collision occurred, the driver, Ed Smith, slowed down to a speed of eight to ten miles per hour; that after passing another automobile and two pedestrians, the driver increased his speed, and when within 25 or 30 feet of the crossing was driving at a speed of about twenty-five miles per hour. Both Ed Smith, the driver, and Howard Smith, the surviving passenger, testified that they first saw an object on defendant's belt line, which extended from its main line to and over the crossing, when the automobile was about 25 or 30 feet from the crossing. They also testified that it was dark, and that the object appeared to be standing still. It was only after the automobile was within a distance of about 20 or 25 feet of the crossing that these witnesses discovered that the object was moving toward the crossing, and that it was an engine and tender. Neither of these witnesses had heard a signal by bell or whistle of the approach of the engine and tender. Neither saw a flagman at the crossing, warning persons traveling on the street, as required by an ordinance of the city of Greensboro, that an engine was about to enter the crossing. There was evidence tending to show that after Ed Smith, the driver of the automobile, discovered that the object which he had seen was an engine and tender and that it was moving toward the crossing, he did all in his power to avoid the collision. There was no evidence tending to show that Boyd Smith, plaintiff's intestate, who was sitting on the side of the automobile toward which the engine and tender approached the crossing, saw the object or discovered that it was a moving engine and tender before Ed Smith, the driver, or Howard Smith, his fellow-passenger, saw it or discovered that the object was a moving engine and tender. Conceding it was his duty, although merely a passenger in the automobile, with no control over the driver, to keep a reasonable lookout for engines and trains on defendant's track, as the automobile approached the crossing, and to warn the driver of the impending danger of a collision, if it was apparent to him that the driver had not seen the engine and tender or having seen them, did not appreciate the danger of a collision, it cannot be held that all the evidence upon this aspect of the case showed that

Boyd Smith failed to perform this duty, and that such failure was a proximate cause of the collision resulting in his death. If he saw, or by the exercise of reasonable care, could have seen no more than the driver and his fellow-passenger, who were under a like duty, saw, it was for the jury and not for the court to determine whether or not, under all the circumstances, he contributed to his death by his own negligence. If when he saw, or by the exercise of reasonable care, could have seen that an engine and tender on defendant's track was approaching the crossing, he also saw that the driver had seen the approaching engine and tender, and with full appreciation of the impending danger, was doing all in his power, under the circumstances, to avoid a collision, it was for the jury and not for the court to say whether or not his failure to speak to the driver and warn him of the danger was negligence. It is a matter of common knowledge to those who ride in automobiles—certainly to those who drive them—that "backseat" driving often confuses a driver, and more often than otherwise, prevents him from avoiding dangers encountered on the road.

We have no doubt that the principle on which the defendant relies on this appeal is sound. A passenger in an automobile who is injured as the result of a collision, caused by the negligence of the driver of another automobile, or of a railroad company, may under some circumstances be barred of recovery, not because the negligence of the driver of the automobile in which he is riding is imputed to him, but because by his own negligence in failing to exercise reasonable care for his own safety he has contributed to his injury.

In *Parker v. R. R.*, 181 N. C., 95, 106 S. E., 755, it is said: "As to the contributory negligence, the burden of which was upon the defendants, the plaintiff was not driving the automobile, but was only a guest or passenger in the car. There is no evidence that she had any control over the movements of the car, and the negligence of the driver of the car, if there was any, cannot be imputed to the passenger. *Duval v. R. R.*, 134 N. C., 331, 46 S. E., 750; *Baker v. R. R.*, 144 N. C., 36, 56 S. E., 553, and citations (Anno. Ed.); *Hunt v. R. R.*, 170 N. C., 442, 87 S. E., 210, which distinguishes *Bagwell v. R. R.*, 167 N. C., 611, 83 S. E., 814, which was relied upon by defendants; Thompson on Negligence, sec. 502; 20 R. C. L., Negligence, sec. 137; *Herman v. R. I.*, L. R. A., 1915A, 766. In sudden peril or emergencies while the plaintiff was bound to take active measures to preserve herself from impending harm, she was by no means held to the same judgment and activity under all circumstances. The opportunity to think and act must be taken into consideration and although she may not have taken the safest course, or acted with the best judgment or greatest prudence, she can recover for injuries sustained upon showing that she was required

to act suddenly or in an emergency, without opportunity for delibera-
tion. It has been said that when a choice of evils only is left to a man,
he is not to be blamed if he chooses one, nor if he chooses the greater, if
he is in circumstances of difficulty or danger at the time and compelled
to decide hurriedly."

The evidence in this case, pertinent to the second issue involving the
defense of contributory negligence, was properly submitted to the jury.
Whether or not, under all the circumstances confronting him, as the
jury might find from the evidence, plaintiff's intestate was negligent
was a question for the jury and not for the court. Defendant's assign-
ment of error based on its exception to the refusal of its motion for
judgment as of nonsuit, at the close of all the evidence, cannot be sus-
tained.

We have examined with care the other assignments of error relied
upon by defendant on its appeal to this Court. They are based on
exceptions to the refusal of the court to instruct the jury in accordance
with prayers amply made by the defendant, and on exceptions to cer-
tain instructions as given in the charge. None of these assignments of
error can be sustained. The charge of the court to the jury was full and
correct. The instructions on the issues are fully supported by authori-
tative decisions of this Court. We find no error in the charge. The
judgment is in accord with the verdict and must be affirmed.

The jury has assessed the damages which plaintiff is entitled to
recover in this action at a large sum. The evidence shows that plain-
tiff's intestate, at the date of his death, was a strong, vigorous young
man, of good character and fine promise. He was 27 years of age and
was employed as an assistant foreman by a bridge construction com-
pany. He was earning $6.50 per day, with good prospects for promotion
and increase of wages. Notwithstanding the negligence of his brother,
the driver of the automobile, if any, it is manifest that his death was
caused by the failure of defendant to obey an ordinance of the city of
Greensboro, adopted by its governing body for the express purpose of
avoiding collisions between automobiles driven by its citizens and
others on its public streets, and shifting engines of railroad companies,
at crossings maintained by said companies within the corporate limits
of the city. The remedy which the law provides for the wrong done
plaintiff's intestate is inadequate; it is, however, the only remedy which
the law can give for the wrong. In view of the evidence in this case,
and the law of this State applicable to the facts which the evidence tends
to show, the defendant, we think, has no just cause to complain of the
judgment that plaintiff recover the damages assessed by the jury.

No error.