DAISY McDONALD PATTERSON, ADMINISTRATRIX OF G. L. PATTERSON, v. MRS. M. F. RITCHIE.

(Filed 18 May, 1932.)

**Highways B h—Act of driver in swerving car to avoid collision with truck held not negligent.**

> Where the evidence tends only to show that the driver of an automo-bile in heavy traffic on a highway saw a truck coming towards him and upon the sudden necessity of avoiding a collision therewith, swerved the car, causing it to leave the hard surface and hit a post along the highway, resulting in the death of an invitee riding with him: *Held,* the act of the driver in so swerving the car will not be held for negligence, and

the injury was from an accident for which damages may not be recovered either against the driver or the owner of the car. The question as to whether the wife would be liable under the family-car doctrine for the use of the car by her husband in her absence and with her implied consent is not decided under the facts of this case.

APPEAL by defendant from *Schenck, J.,* at January Term, 1932, of CABARRUS. Reversed.

This is an action to recover damages for the death of plaintiff's intestate.

At the time he suffered the injuries from which he died, plaintiff's intestate was riding in an automobile owned by the defendant, and driven by her husband. Defendant was not riding in the automobile, and had no control over its operation. Plaintiff's intestate was riding in the automobile as the guest of defendant's husband, who was driving the automobile for his own pleasure. The members of defendant's family, including her husband, habitually used the automobile, with her consent, for their own pleasure or business.

In her complaint the plaintiff alleged that the death of her intestate was caused by the negligence of defendant's husband, the driver of the automobile in which her intestate was riding when he was killed. This allegation was denied in the answer of the defendant.

At the close of the evidence offered by the plaintiff, the defendant moved for judgment as of nonsuit. This motion was denied and defendant excepted. No evidence was offered by the defendant.

The issues submitted to the jury were answered as follows:

"1. Was the death of plaintiff's intestate, G. L. Patterson, caused by the negligence of the agent of the defendant, Mrs. M. F. Ritchie, as alleged in the complaint? Answer: Yes.

2. If so, what damage, if any, is the plaintiff, Mrs. Daisy McDonald Patterson, administratrix of G. L. Patterson, deceased, entitled to recover of the defendant, Mrs. M. F. Ritchie? Answer: $15,000."

From judgment that plaintiff recover of the defendant the sum of $15,000, with the costs of the action, the defendant appealed to the Supreme Court.

*Hartsell & Hartsell for plaintiff.*
*Bogle & Bogle and Fuller, Reade & Fuller for defendant.*

CONNOR, J. Conceding without deciding that the family-purpose doctrine adopted in this State with respect to the use of automobiles (*Grier v. Woodside,* 200 N. C., 759, 158 S. E., 491) is applicable in the instant case, we are of the opinion that the evidence offered by plaintiff

fails to show that the death of her intestate was caused by the negligence of defendant's husband, as alleged in the complaint. For this reason, there was error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit made in apt time as provided by statute. C. S., 567.

All the evidence shows that defendant's husband, driving the automobile in which plaintiff's intestate was riding as his guest, on a State highway, in the midst of heavy traffic, was suddenly confronted by a situation, caused by the truck which was approaching him from the opposite direction, in which he was required to act quickly for the safety of himself and of his guest. Under the circumstances as shown by all the evidence, he was not negligent in swerving the automobile suddenly to his right, thus causing it to leave the hard surface and to run on the shoulder of the highway. The collision which occurred within a short distance of the automobile with the post which was standing beside the highway, was an accident, regrettable in its consequences not only to his guest but also to the driver. As the fatal injuries of his guest could not under the circumstances have been reasonably avoided, these injuries must be attributed to the unavoidable accident, and not to the negligence of defendant's husband. Neither the defendant nor her husband, upon the evidence appearing in the record, can be held liable to the plaintiff in this action. The judgment is

Reversed.