JOHN L. POPLIN v. THOMAS W. ADICKES.

(Filed 21 December, 1932.)

**Highways B i—Evidence of contributory negligence held insufficient to bar plaintiff's recovery as a matter of law.**

Evidence in this case that the plaintiff, while standing near the west rail of a street-car track in the middle of a city street, first saw the defendant's car approaching from the south at a rapid rate of speed when forty or fifty feet away, under circumstances from which it appeared that the defendant had lost control of the car, that the plaintiff attempted to cross the street to the west side thereof, and was struck by the right front fender of the defendant's car, causing the injury in suit, is held not to establish contributory negligence barring plaintiff's recovery as a matter of law, the question of proximate cause being for the jury under the circumstances.

APPEAL by defendant from *Devin, J.,* June Term, 1932, of WAKE.

Civil action to recover damages for an alleged negligent injury caused by defendant's automobile striking plaintiff, a pedestrian on one of the public streets in the city of Raleigh.

The scene of the accident was on Dawson Street, between Martin and Hargett; the time about 9:00 p.m., 30 June, 1931. The plaintiff came out of the Union Station and walked northward on the adjacent sidewalk until he reached a point about midway between Martin and Hargett streets, when he turned to his right intending to cross Dawson Street in a slightly diagonal line bearing north for the purpose of entering his

daughter's automobile, which was parked against the curb on the east side of Dawson Street.

There is on this street just south of the point where plaintiff attempted to cross a pass track for street cars, and a street car was standing on this pass track in front of the Union Station at the time. Another street car was moving west on Martin Street, either approaching or having just entered the intersection of Martin and Dawson, where the track turns north on Dawson.

The defendant came from the south on Dawson Street, cut in between these two street cars, first swerving his automobile to the left to avoid the street car making its turn north, from Martin into Dawson, then to the right to miss the street car standing on the pass track, and back again to the left to escape the taxis and automobiles parked on the east side of the street and to keep from striking the plaintiff. "I am sure the defendant's car was traveling in advance of 40 miles per hour and he appeared to be picking up speed in an attempt to right his car," just before he struck the plaintiff and injured him. The lights on defendant's automobile were burning.

The plaintiff testified that he stopped at or about the west rail of the street car track and saw the defendant's car coming at a rapid speed when it was 40 or 50 feet away—"and he did not look like he had control of the car."

It is the contention of the defendant that the plaintiff, a man 62 years of age, negligently walked in front of his moving automobile. "When I first saw Mr. Poplin he was running or walking very fast, coming out from behind an automobile right in front of me, 12 or 15 feet away. I tried my best to dodge the man, and pulled to the left in an effort to dodge him. I was too close to stop." The defendant struck the plaintiff with his right front fender or bumper.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff. From the judgment rendered thereon, the defendant appeals, assigning errors.

*R. L. McMillan, R. Roy Carter, and C. A. Douglass for plaintiff.*
*Ruark & Ruark for defendant.*

STACY, C. J. The case turns, not upon the negligence of the defendant, which is conceded, but upon the alleged contributory negligence of the plaintiff, which is almost, but not quite, established in the opinion of the majority. At any rate, the thought has prevailed that the question of proximate cause, under the circumstances, is one for the jury. *Construction Co. v. R. R.*, 184 N. C., 179, 113 S. E., 672; *Taylor v. Lumber Co.*, 173 N. C., 112, 91 S. E., 719. The view of the minority

is, that the plaintiff took a chance in the presence of obvious danger and lost. *Lea v. Utility Co.,* 175 N. C., 459, 95 S. E., 894; *Hamilton v. Lumber Co.,* 160 N. C., 47, 75 S. E., 1087; *Royster v. R. R.,* 147 N. C., 347, 61 S. E., 179. He almost escaped injury as he was struck by the defendant's right front fender or bumper, but fell short of his purpose by a step or two.

The suggestion is advanced that while the plaintiff may not have pursued the safest course or acted with the best judgment or the wisest prudence, in the light of what occurred, still this ought not to be imputed to him for contributory negligence because he was faced with an emergency which required instant action without opportunity for reflection or deliberation. *Smith v. R. R.,* 200 N. C., 177, 156 S. E., 508; *Parker v. R. R.,* 181 N. C., 95, 106 S. E., 755; *Norris v. R. R.,* 152 N. C., 505, 67 S. E., 1017.

In answer to this suggestion, it is said the same principle applies with equal force in favor of the defendant, for he likewise was confronted with a situation of peril and did his best to avoid striking the plaintiff. *Patterson v. Ritchie,* 202 N. C., 725.

It would serve no useful purpose to debate the question; the pertinent principles of law are well settled; the divergence of opinion arises from a different interpretation of the record. The majority voting in favor of affirmance, the verdict and judgment will be upheld.

No error.