SCHENCK, J., took no part in the consideration or decision of this case.
CLARKSON, J., dissenting.
Civil action to recover damages for an alleged negligent injury.
The facts are these: On 16 September, 1933, the plaintiff and two others left Asheville with the defendant, in the defendant's Plymouth car, to attend the World's Fair in Chicago, and possibly to return via Canada and Niagara Falls. The understanding was, that the defendant would furnish the car, while the other three were to bear the expenses of transportation, oil, gas, etc., which they did. The plaintiff was also to do part of the driving. The plaintiff and the defendant rode on the front seat, and took time about at driving, while the others occupied the rear seat. On the return trip, near Lodi, Ohio, while Miss Cassady was driving, "she was driving carefully and prudently about the time the *Page 498 
trouble started," the car began to swerve backwards and forward from one side of the road to the other ("shimmying"). It increased its speed from a safe and normal rate (35 to 40 miles an hour) to 55 or 60 miles an hour, and "as it went down the long slope of concrete road, perhaps twenty feet wide, it got faster and faster until finally something caused it to reverse itself in the road, and as it did, it went over a bank seven to ten feet high into a ditch partially filled with water. . . . There was no traffic on the road at the time. . . . Miss Cassady was trying to hold the car in the road, but she certainly was not able to do it, or did not do it."
The plaintiff testified: "At the time the trouble started, Miss Cassady was driving about 38 miles per hour — she had just taken the wheel from me about 12 miles this side of Cleveland. I was sitting on her right-hand side. She had her foot on the accelerator and she speeded the car up to 50 or 60 miles an hour. When the car began to swerve, I knew there was something wrong. . . . She was gripping the wheel and struggling. . . . She took her foot off the accelerator and applied the hydraulic brakes with force, and that turned the car around and turned it over. She applied the brakes just as quickly as she could take her foot off the accelerator and change it over to the brake, and then the car turned completely over on its back with the wheels up. . . . She was doing the wrong thing, but I did not open my mouth because I did not have time, and that is the truth. . . . The next day the garage man said they found a nail in one of the rear tires; it was flat. . . . All the occupants of the car were injured. Miss Cassady was very badly cut. I went to the hospital several times to see her. She had to stay in the hospital ten days or two weeks, and I came away and left her there."
From a judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.
The plaintiff sues to recover for injuries sustained in an automobile accident occurring in the State of Ohio. Liability is to be determined by the law of that State, for unless the plaintiff is entitled to recover there, he is not entitled to recover here. If, however, under the lex loci, a transitory cause of action accrues, it may be prosecuted in another jurisdiction, unless forbidden by public policy or the lex fori. This is conceded. Wise v. Hollowell, 205 N.C. 286, 171 S.E. 82; Steele v.Telegraph Co., 206 N.C. 220, 173 S.E. 583.
The defendant was not an insurer of plaintiff's safety while on the trip in question, and we agree with the trial court that the evidence *Page 499 
offered fails to show such conduct on her part as imports liability under the law applicable. S. v. Cope, 204 N.C. 28, 167 S.E. 456. The plaintiff was injured in an unfortunate accident, it is true, but an accident it was, pure and simple. Thomas v. Lawrence, 189 N.C. 521,127 S.E. 585; Patterson v. Ritchie, 202 N.C. 725, 164 S.E. 117. He himself testified: "I do not know what I would have done had I been at the wheel." He later said he would have applied the brakes rather than put his foot on the accelerator, but he was then speaking in the light of subsequent events. "Hindsight is usually better than foresight."
While the defendant may not have pursued the safest course or acted with the best judgment or the wisest prudence, in the light of what occurred, still it is not thought that this should be imputed to her for negligence, because with a flat tire and "shimmying" car she was faced with an emergency which required instant action without opportunity for reflection or deliberation. Smith v. R. R., 200 N.C. 177, 156 S.E. 508. She was "trying to hold the car in the road, gripping the wheel and struggling," when it suddenly went over the embankment and into the ditch. Some allowance must be made for the excitement of the moment and the strain of nerves. One who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made. Poplin v.Adickes, 203 N.C. 726, 166 S.E. 908; Pridgen v. Produce Co., 199 N.C. 560,155 S.E. 247; Odom v. R. R., 193 N.C. 442, 137 S.E. 313; Parkerv. R. R., 181 N.C. 95, 106 S.E. 755; Norris v. R. R., 152 N.C. 505,67 S.E. 1017. In Hinton v. R. R., 172 N.C. 587, 90 S.E. 756, it is said: "It is well understood that a person in the presence of an emergency is not usually held to the same deliberation or circumspect care as in ordinary conditions." In other words, the standard of conduct required in an emergency, as elsewhere, is that of the prudent man. Jernigan v.Jernigan, 207 N.C. 831, 178 S.E. 587; Small v. Utilities Co., 200 N.C. 719,158 S.E. 385. "If the peril seemed imminent, more hasty and violent action was to be expected than would be natural at quieter moments, and such conduct is to be judged with reference to the stress of appearances at the time, and not by the cool estimate of the actual danger formed by outsiders after the event" — Holmes, J., in Gannon v. R.R., 173 Mass. 40.
Had the emergency been brought about by defendant's own carelessness, as was the case in Luttrell v. Hardin, 193 N.C. 266, 136 S.E. 726, a different situation might have arisen. Annotation, 79 A.L.R., 1277. But plaintiff's testimony is to the effect that the defendant "was driving carefully and prudently about the time the trouble started."
The judgment of nonsuit is correct.
Affirmed. *Page 500 
SCHENCK, J., took no part in the consideration or decision of this case.