CALVIN MILLS v. RAEFORD WATERS, BLANCHARD WATERS, AND
NOLAN WATERS, D. B. A. CENTER SERVICE STATION.

(Filed 16 April, 1952.)

**1. Negligence § 4a—**

The heating of a filling station by an open gas heater within the room
some distance from the outside gas tanks and pumps is not negligence
*per se.*

**2. Negligence § 1—**

Negligence is the failure to exercise that degree of care which a reason-
ably prudent person would exercise under like circumstances, under con-
ditions from which the resulting or similar injury could have been reason-
ably foreseen, which proximately causes the injury.

**3. Negligence § 2—**

In a sudden emergency a person is not held to the duty of selecting the
wisest choice of conduct but only to such choice as a person of ordinary
care and prudence, similarly situated, would have selected.

**4. Negligence § 9—**

The operator of a filling station heated by an open gas heater cannot be
held to the duty of foreseeing that a customer purchasing a jug of gasoline
would bring the jug into the station and that the jug would become broken
accidentally so as to set the premises afire.

**5. Negligence § 4f—**

The evidence disclosed that a customer at a filling station purchased a
jug of gasoline and followed the attendant into the station with the jug
to receive his change, that in some accidental manner the jug became
broken, that the attendant grabbed a broom and attempted to sweep the
loose gasoline out the door, but that during the sweeping motion some
gasoline came in contact with an open gas stove which was in the station
for the purpose of heating the room, resulting in a fire in which plaintiff
was injured. *Held:* The emergency was not brought about by defendants
or their agents, and nonsuit was properly entered.

APPEAL by plaintiff from *Grady, Emergency Judge,* January Term,
1952, ONSLOW. Affirmed.

Civil action to recover damages for personal injury.

Defendants are the owners and operators of a service station in the
town of Jacksonville, North Carolina. On the night of 8 December,
1948, plaintiff carried to defendants' service station a one-gallon glass
jug and there purchased the jug full of gasoline. The jug was filled by
an employee of the defendants at the pumps by the use of the same equip-
ment employed to fill automobile gas tanks. The pumps were located
in front of the filling station in the usual manner. Plaintiff, carrying the
jug of gasoline, followed defendants' employee into the station to receive
his change. Plaintiff set the jug of gasoline down in the station and after

receiving his change, picked up the jug and the bottom fell out and the gasoline spread over the floor of the station and onto the clothing of plaintiff. Defendants' employee immediately grabbed a broom and attempted to sweep the loose gasoline out the front door. During the sweeping motion, some of the gas came in contact with an open gas stove which was in the station for the purpose of heating the room, and the gasoline caught fire on the floor, on the shoes of defendants' employee, and on the clothes of plaintiff. Plaintiff ran out the door and was chased down by the employees of defendants, who extinguished the fire only after plaintiff had sustained serious and painful burns. The flames spread well over the filling station and considerable damage was done to the building and the stock. No effort was made to cut off the gas heater, which was sitting about six inches from the floor with nothing in front of it.

At the close of plaintiff's evidence, defendants moved for judgment as of nonsuit. The court reserved its ruling and defendants offered evidence. Upon a renewal of defendants' motion at the conclusion of all the evidence, judgment was entered dismissing the action as of nonsuit. From this judgment, plaintiff excepted and appealed.

*Carl V. Venters and J. T. Gresham, Jr., for plaintiff, appellant.*
*Summersill & Summersill for defendants, appellees.*

VALENTINE, J. It was a cold night in December and perfectly natural that the building should be heated in some manner. With the gas tanks and pumps a safe distance from the front door, the presence of an open gas heater well within the room could not be regarded as negligence *per se.* The decisions of this Court are to the effect that in order to establish actionable negligence it must appear: (1) that the defendant, either personally or through an agent, servant or employee, has failed to exercise proper care and diligence in the performance of some legal duty which he owed the plaintiff under the circumstances in which they were at the time. Proper care, of course, means that degree of care which a man of ordinary prudence should use under like circumstances when charged with like duty. And, (2) that such negligent breach of duty was the proximate cause of the injury claimed. In addition it must appear that the negligent act produced the result in continuous sequence. The proof must also show that the negligent act was such that a man of ordinary prudence could have foreseen that such or some similar injurious result was probable under all the facts as they then existed. *Ellis v. Refining Co.,* 214 N.C. 388, 199 S.E. 403.

In applying the rule of the prudent man, due consideration must be had for the circumstances prevailing at the time. An allowance must be made

for the excitement produced by the situation and the resulting nervous strain.

"One who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made." *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562. Citing *Poplin v. Adickes,* 203 N.C. 726, 166 S.E. 908; *Pridgen v. Produce Co.,* 199 N.C. 560, 155 S.E. 247; *Odom v. R. R.,* 193 N.C. 442, 137 S.E. 313; *Parker v. R. R.,* 181 N.C. 95, 106 S.E. 755; *Norris v. R. R.,* 152 N.C. 505, 67 S.E. 1017. The standard of conduct required is that of an ordinarily prudent man. *Jernigan v. Jernigan,* 207 N.C. 831, 178 S.E. 587; *Small v. Utilities Co.,* 200 N.C. 719, 158 S.E. 385. " 'If the peril seemed imminent, more hasty and violent action was to be expected than would be natural at quieter moments, and such conduct is to be judged with reference to the stress of appearances at the time, and not by the cool estimate of the actual danger formed by outsiders after the event'—*Holmes, J.,* in *Gannon v. R. R.,* 173 Mass. 40." *Ingle v. Cassady, supra.*

Applying these well-established rules of actionable negligence to the proof in this case, we are unable to discover any evidence of actionable negligence sufficient to take the case to the jury and sustain a verdict. In reaching this conclusion we have given due consideration to the rule of interpretation as stated in *Powell v. Lloyd,* 234 N.C. 481, 67 S.E. 2d 664, and *Gainey v. R. R., ante,* 114, 68 S.E. 2d 780.

It was necessary that the filling station be heated in some manner for the health and comfort of the employees working there. We cannot appropriately say that the defendant should have foreseen that the plaintiff or some other customer would take a jug of gasoline into the station and there break it so that the free gas would spread over the room and set the building on fire. To so hold would charge the defendants with a degree of prevision not contemplated by the law of negligence. *Clark v. Drug Co.,* 204 N.C. 628, 169 S.E. 217; *Money v. Hotel Co.,* 174 N.C. 508, 93 S.E. 964; *Ellis v. Refining Co., supra.*

In the case at bar, the emergency was not brought about by the defendants or their agents as in *Luttrell v. Hardin,* 193 N.C. 266, 136 S.E. 726, but was brought about when the plaintiff took the jug of gasoline into the filling station and there in some manner accidentally broke it so that gasoline was spread over the floor and near the open fire. Hence, that case is not controlling here.

This Court is reluctant to raise the standard of due care to such an unreasonable length as would practically place every accident in the category of actionable negligence, or make the keeper of a store or service station the insurer of the safety of his customers. *Griggs v. Sears, Roebuck & Co.,* 218 N.C. 166, 10 S.E. 2d 623.

We cannot hold upon this record that the defendants are liable for the unfortunate injury sustained by plaintiff. Therefore, the judgment below is

Affirmed.