SANDRA L. HART AND ROGER J. HART, PLAINTIFFS v. HOWARD L. IVEY, JR. AND JOHN ROSENBLATT AND DAVID KING AND DAVID HOWELL AND MIKE'S DISCOUNT BEVERAGE, INC., DEFENDANTS, AND JOHN DENNIS LITTLE, JR. AND JOHN DENNIS LITTLE, SR., DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. HOWARD L. IVEY, JR., THIRD-PARTY DEFENDANT

No. 265A91

(Filed 4 September 1992)

1. **Intoxicating Liquor § 64 (NCI4th)— giving alcoholic beverage to minor—statutory violation—no negligence per se**

    The statute prohibiting the giving of alcoholic beverages to anyone less than twenty-one years old, N.C.G.S. § 18B-302(a), is not a public safety statute, and a violation of the statute by a social host is thus not negligence *per se.*

    Am Jur 2d, Intoxicating Liquors § 555.

    **Damage from sale or gift of liquor or drug. 97 ALR3d 528.**

HART v. IVEY

[332 N.C. 299 (1992)]

2. **Intoxicating Liquor § 64 (NCI4th) — serving beer to intoxicated guest — common law negligence — liability of social host**

Plaintiffs stated a claim under common law principles of negligence against social hosts for serving beer to an intoxicated guest where they alleged that defendants served beer to a minor guest who they knew or should have known was under the influence of alcohol, that defendants knew this guest would drive an automobile on the streets or highways shortly after consuming the beer, and that as a result of defendants' negligent acts the intoxicated guest drove his automobile into the vehicle driven by the female plaintiff, causing her serious injury.

**Am Jur 2d, Intoxicating Liquors § 553.**

**Damage from sale or gift of liquor or drug. 97 ALR3d 528.**

Justice MITCHELL concurring in the result.

Justice LAKE joins in this concurring opinion.

APPEAL as of right by defendants pursuant to N.C.G.S. § 7A-30(2) and on discretionary review of additional issues pursuant to N.C.G.S. § 7A-31(a), from a decision of the Court of Appeals, 102 N.C. App. 583, 403 S.E.2d 914 (1991), reversing a judgment entered by *Snepp, J.*, in the Superior Court, MECKLENBURG County, on 1 August 1989 and remanding for trial. Heard in the Supreme Court 10 February 1992.

The plaintiffs brought this action, alleging that the defendants Ivey, Rosenblatt, King and Howell were negligent in giving a party at which beer was served to John Dennis Little, Jr. who was eighteen years of age. These plaintiffs alleged that these defendants knew or should have known that Mr. Little was intoxicated at the time they served him the beer. They also alleged that these defendants knew or should have known that the defendant Little would drive a motor vehicle from the party and was likely to injure some person. They alleged further that the defendants knew Mr. Little was a minor and it was a violation of N.C.G.S. § 18B-302 to serve beer to him. The plaintiffs alleged further that as a result of these negligent acts by the four defendants Mr. Little's vehicle collided with a motor vehicle driven by Sandra L. Hart, causing her serious injury. Roger J. Hart asked for damages for loss of consortium.

## HART v. IVEY

[332 N.C. 299 (1992)]

John Dennis Little, Jr. and his father, who owned the Little vehicle involved in the collision, made Howard L. Ivey, Jr. a third party defendant. They alleged that if the Littles are held liable to the plaintiffs, that Ivey's negligence and his violation of N.C.G.S. § 18B-302 make him liable to them for contribution.

The defendants Ivey, Rosenblatt, King and Howell moved for judgments in their favor on the ground the complaint did not state a claim against them. The third party defendant Ivey made the same motion. The superior court granted these motions.

The Court of Appeals reversed the superior court. The Court of Appeals held that the plaintiffs had stated a claim because of a violation by the defendants of N.C.G.S. § 18B-302 which was negligence *per se*. Judge Lewis dissented. The Court of Appeals unanimously held that the plaintiffs had not stated a claim under common law principles of negligence.

The defendants appealed as of right from the holding of the Court of Appeals that their alleged action was negligence *per se*. We granted the plaintiffs' petition for discretionary review of the holding that the plaintiffs had not stated a claim under common law principles of negligence.

*Olive-Monett, P.A. & Associates, by Terry D. Brown and R. Gary Keith, for plaintiffs appellants-appellees.*

*Horack, Talley, Pharr & Lowndes, by Neil C. Williams, for defendant/third-party appellant-appellee John Dennis Little, Sr.*

*Goodman, Carr, Nixon & Laughrun, by Michael P. Carr, for defendant/third-party plaintiff appellant-appellee John Dennis Little, Jr.*

*Kennedy, Covington, Lobdell & Hickman, by F. Fincher Jarrell, for defendants/third-party plaintiffs appellants-appellees John Dennis Little, Sr. and John Dennis Little, Jr.*

*Golding, Meekins, Holden, Cosper & Stiles, by John G. Golding and Terry D. Horne, for defendant appellant-appellee Howard L. Ivey, Jr.*

*Hedrick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson, for defendant appellant-appellee John Rosenblatt.*

*Jones, Hewson & Woolard, by Harry C. Hewson, for defendant appellant-appellee David King.*

*Underwood, Kinsey & Warren, P.A., by C. Ralph Kinsey, Jr. and Richard L. Farley, for defendant appellant-appellee David Howell.*

WEBB, Justice.

At the outset, we note that although the plaintiffs have alleged that the guests at the party were charged $2.00 per person to drink beer, none of the parties to this case contend that the hosts at the party were selling beer. All agree that the defendants should be treated as social hosts.

The plaintiffs have brought this action based on the negligence of the defendants. The plaintiffs contend they have stated a claim for negligence on two separate grounds. They say first that the defendants were negligent *per se* for serving an alcoholic beverage to a minor in violation of N.C.G.S. § 18B-302. The plaintiffs next contend that they have stated a claim under common law principles of negligence by alleging that the defendants served alcoholic beverages to a person when they knew or should have known that person was under the influence of alcohol and would drive an automobile on the streets or highway shortly after consuming the alcoholic beverage.

The Court of Appeals held that the plaintiffs had stated a claim for negligence by alleging a violation of N.C.G.S. § 18B-302 which would be negligence *per se*. The Court of Appeals held that the plaintiffs had not stated a claim under common law principles of negligence. We disagree with the Court of Appeals as to both conclusions. We hold that the plaintiffs have not stated a claim for the violation of N.C.G.S. § 18B-302 but they have stated a claim under common law principles.

[1] The plaintiffs contend and the Court of Appeals held that N.C.G.S. § 18B-302 is a public safety statute for the protection of persons driving on the highways of this state and its violation is negligence *per se*. N.C.G.S. § 18B-302 provides in part:

(a) Sale.—It shall be unlawful for any person to:

(1) Sell or give malt beverages or unfortified wine to anyone less than 21 years old; or

(2) Sell or give fortified wine, spirituous liquor, or mixed beverages to anyone less than 21 years old.

(b) Purchase or Possession.—It shall be unlawful for:

(1) A person less than 21 years old to purchase, to attempt to purchase, or to possess malt beverages or unfortified wine; or

(2) A person less than 21 years old to purchase, to attempt to purchase, or to possess fortified wine, spirituous liquor, or mixed beverages.

(c) Aider and Abettor.

(1) By Underage Person.—Any person who is under the lawful age to purchase and who aids or abets another in violation of subsection (a) or (b) of this section shall be guilty of a misdemeanor punishable by a fine up to five hundred dollars ($500.00) or imprisonment for not more than six months, or both, in the discretion of the court.

(2) By Person over Lawful Age.—Any person who is over the lawful age to purchase and who aids or abets another in violation of subsection (a) or (b) of this section shall be guilty of a misdemeanor punishable by a fine of up to two thousand dollars ($2,000) or imprisonment for not more than two years, or both, in the discretion of the court.

When a statute imposes a duty on a person for the protection of others we have held that it is a public safety statute and a violation of such a statute is negligence *per se* unless the statute says otherwise. *Funeral Service v. Coach Lines*, 248 N.C. 146, 102 S.E.2d 816 (1958); *Lutz Industries, Inc. v. Dixie Home Stores*, 242 N.C. 332, 88 S.E.2d 333 (1955). A member of a class protected by a public safety statute has a claim against anyone who violates such a statute when the violation is a proximate cause of injury to the claimant. *Aldridge v. Hasty*, 240 N.C. 353, 82 S.E.2d 331 (1954).

We do not believe N.C.G.S. § 18B-302 is a public safety statute which was intended to protect the plaintiffs. We believe its purpose was to stop persons under the statutory age from drinking alcoholic beverages. If it was to protect the public, it should not be limited

to persons under twenty-one years of age. An adult driver under the influence of alcohol can be as dangerous on the highway as a person under twenty-one years of age. We also believe if it were a public safety statute, it would be related more to being under the influence of alcohol. The section does not restrict sales or the giving of alcoholic beverages to those who might be under the influence of alcohol, but forbids any sales or gifts at all of alcohol to those under twenty-one years of age. In this state, we do not proscribe all driving by those who have drunk some alcoholic beverage, but only those who are under the influence of alcoholic beverage. This demonstrates to us that the purpose of the section is to restrict the consumption of alcohol by those under twenty-one years of age and it was not adopted for the protection of the driving public.

If we were to hold, without any qualification, that a violation of N.C.G.S. § 18B-302 is negligence *per se*, it would require a trial court to charge that giving a person under twenty-one years of age a small amount of some alcoholic beverage, which does not affect his or her ability to drive, is negligence *per se*. We do not believe the General Assembly intended this result.

N.C.G.S. § 18B-302 is a part of Chapter 18B of the General Statutes whose title is "Regulation of Alcoholic Beverages." The purpose of Chapter 18B is "to establish a uniform system of control over the sale, purchase, transportation, manufacture, consumption, and possession of alcoholic beverages in North Carolina." N.C.G.S. § 18B-100 (1989). There is no express purpose of protecting the public from intoxicated persons in the statute except in that portion of the chapter known as the Dram Shop Act, N.C.G.S. § 18B-120 *et seq.* The Dram Shop Act has no application to this case. Where a statute specifies the acts to which it applies, an intention not to include others within its operation may be inferred. *Jolly v. Wright*, 300 N.C. 83, 265 S.E.2d 135 (1980). We hold that a violation of N.C.G.S. § 18B-302 is not negligence *per se*.

[2] As to the cause of action for liability under common law principles of negligence we hold that the plaintiffs have stated a cognizable claim. We have not been able to find a case in this state dealing with the liability of a social host who serves an alcoholic beverage to a person who then injures someone while operating an automobile while under the influence of an intoxicating beverage. We believe, however, that the principles of negligence established

by our decisions require that we hold that the plaintiffs in this case have stated a claim.

Actionable negligence is the failure to exercise that degree of care which a reasonable and prudent person would exercise under similar conditions. A defendant is liable for his negligence if the negligence is the proximate cause of injury to a person to whom the defendant is under a duty to use reasonable care. *Bolkhir v. N.C. State Univ.*, 321 N.C. 706, 365 S.E.2d 898 (1988); *Lentz v. Gardin*, 294 N.C. 425, 241 S.E.2d 508 (1978); *Williams v. Trust Co.*, 292 N.C. 416, 233 S.E.2d 589 (1977); *Clarke v. Holman*, 274 N.C. 425, 163 S.E.2d 783 (1968).

The plaintiffs in this case have alleged that the defendants served an alcoholic beverage to a person they knew or should have known was under the influence of alcohol and that the defendants knew that the person who was under the influence of alcohol would shortly thereafter drive an automobile. If proof of these allegations were offered into evidence, the jury could find from such evidence that the defendants had done something a reasonable man would not do and were negligent. The jury could also find that a man of ordinary prudence would have known that such or some similar injurious result was reasonably foreseeable from this negligent conduct. The jury could find from this that the negligent conduct was the proximate cause of the injury to plaintiffs. *Mills v. Waters*, 235 N.C. 424, 70 S.E.2d 11 (1952).

There remains the question of whether the defendants were under a duty to the plaintiffs not to serve the alcoholic beverage as they did. We said in *Council v. Dickerson's, Inc.*, 233 N.C. 472, 64 S.E.2d 551 (1951), "[t]he law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence." *Id.* at 474, 64 S.E.2d at 553. The defendants were under a duty to the people who travel on the public highways not to serve alcohol to an intoxicated individual who was known to be driving.

The defendants, relying on cases from other jurisdictions, say that there is not a common law negligence claim against a social host for serving alcoholic beverages. They argue that there are many implications from establishing such a claim and we should not do so. Our answer to this is that we are not recognizing a

new claim. We are applying established negligence principles and under those principles the plaintiffs have stated claims.

We note that N.C.G.S. § 18B-128, which is a part of the Dram Shop Act, does not abrogate any claims for relief under the common law.

We agree, but for different reasons, with the Court of Appeals that it was error to dismiss the plaintiffs' claims.

Affirmed.

Justice MITCHELL concurring in the result.

In their complaint, the plaintiffs have alleged that the defendants Howard L. Ivey, Jr., John Rosenblatt, David King and David Howell knowingly served beer to a minor, John Little, Jr., which caused him to become intoxicated and drive a motor vehicle into the vehicle driven by the female plaintiff, proximately causing the plaintiffs' alleged injuries. Under N.C.G.S. § 18B-302(a), it is a general misdemeanor for any person to give or sell alcoholic beverages to anyone less than twenty-one years old. N.C.G.S. § 18B-302(a)(1), (2) (1989). Obviously, the alleged acts of these defendants as "social hosts" knowingly giving beer to a minor were criminal acts under the statute. *Id.* Nevertheless, the majority concludes that these defendants' criminal actions in violating the statute, as alleged in the complaint, do not amount to negligence *per se* because the statute is not a "public safety" statute intended to protect the plaintiffs. I believe that the majority's conclusion in this regard is erroneous.

Ordinarily, violation of a statute enacted for the safety and protection of the public is negligence *per se*—negligence as a matter of law. *State Farm Mut. Auto. Ins. Co. v. Holland*, 324 N.C. 466, 475, 380 S.E.2d 100, 105 (1989); *Gore v. George J. Ball*, 279 N.C. 192, 198, 182 S.E.2d 389, 392 (1971). Accordingly, we have stated that "violation of a statute which imposes a duty upon the defendant in order to promote the safety of others, including the plaintiff, is negligence *per se*, unless the statute, itself, otherwise provides, and such negligence is actionable if it is the proximate cause of injury to the plaintiff." *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412, 415, 395 S.E.2d 112, 114 (1990) (quoting *Ratliff v. Power Co.*, 268 N.C. 605, 610, 151 S.E.2d 641, 645 (1966) ). Clearly,

N.C.G.S. § 18B-302 is such a public safety statute. *Freeman v. Finney*, 65 N.C. App. 526, 529, 309 S.E.2d 531, 534 (1983), *disc. rev. denied*, 310 N.C. 744, 315 S.E.2d 702 (1984). *See Hutchens v. Hankins*, 63 N.C. App. 1, 303 S.E.2d 584, *disc. rev. denied*, 309 N.C. 191, 305 S.E.2d 734 (1983).

Better reasoned cases always have taken the view that laws governing the sale of alcoholic beverages are intended to and do enhance the well-being of the community by protecting all members of the public from the dangers arising from the indiscriminate sale of such alcoholic beverages. *E.g., Marusa v. District of Columbia*, 484 F.2d 828, 834 (D.C. Cir. 1973). I had thought it known to all humankind that when one provides alcoholic beverages to a minor, "the unreasonable risk of harm not only to the minor . . . but also to members of the traveling public may readily be recognized and foreseen." *Rappaport v. Nichols*, 31 N.J. 188, 202, 156 A.2d 1, 8 (1959). In its opinion in the present case, our Court of Appeals was quite correct in saying "[w]e need not recite at any length the record of carnage on our public highways caused by drivers (*particularly those under age*) who have consumed intoxicating beverages." *Hart v. Ivey*, 102 N.C. App. 583, 590, 403 S.E.2d 914, 919 (1991) (emphasis added). But highway safety is only one of many public safety interests served by our statute prohibiting the serving of alcoholic beverages to minors. Foremost among those interests is the physical and mental health of the children involved. Our legislature on behalf of our society has reasonably determined that children do not have sufficient maturity and discretion to decide whether to risk their health and safety by consuming alcoholic beverages. As a result, our legislature has made it a criminal act for any person to give alcoholic beverages to children. The legislature did so for the safety of our children and the general public and intended that such criminal violations be treated as negligence *per se*.

The majority of this Court, however, seems to take the view that N.C.G.S. § 18B-302 was intended to prevent minors from drinking alcoholic beverages for some unknowable reason unrelated to public safety. The majority here says that highway safety could not have been one of the reasons for the adoption of the statute because an adult driving under the influence of alcohol *can* be as dangerous as a minor. No doubt adult drivers under the influence of alcoholic beverages *can* be as dangerous to themselves and the public as drinking minors who drive on the public highways. However, reason and common sense could only have led our General Assembly,

HART v. IVEY

[332 N.C. 299 (1992)]

like all ordinary citizens, to know that minors who drink alcoholic beverages and drive on the public highways *ordinarily will be* more dangerous to themselves and to the general public than more experienced adults who drive under the influence of alcohol. Further, it should be obvious to anyone that children who drink are more likely to fall under the influence of alcohol and to be *generally* more dangerous in every respect imaginable than similarly situated adults. Clearly, the statute in question here was intended to protect inexperienced youths and the general public from that danger and other dangers which arise when minors are served alcoholic beverages. This Court should take judicial notice of such obvious facts, including the fact that this statute was intended by the General Assembly as a public health and safety measure. We have previously said that there are many facts of which courts "may take judicial notice, and they should take notice of whatever is, or ought to be, generally known within the limits of their jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind." *State v. Vick*, 213 N.C. 235, 238, 195 S.E. 779, 781 (1938), *quoted in State v. Davis*, 245 N.C. 146, 149-50, 95 S.E.2d 564, 566-67 (1956). The fact that minors drinking alcoholic beverages generally are more dangerous to themselves and others than adults and the fact that laws against serving alcohol to minors protect public safety are facts known to everyone and should be judicially recognized by this Court. One court has stated when construing a statute nearly identical to the one before us: "[I]t would be absurd indeed to maintain that one of the purposes of the statute in question was not to protect the public from the risk of injury caused by intoxicated minors. Thus, defendants' alleged violation of the statute would, *if proven*, constitute negligence per se. . . ." *Thaut v. Finley*, 50 Mich. App. 611, 613, 213 N.W.2d 820, 822 (1974) (social hosts' violation of statute prohibiting giving alcoholic beverage to minor social guests). I would follow the well-reasoned decisions of other courts which have concluded that statutes which prohibit giving alcoholic beverages to minors are public safety statutes and that violations of those statutes by social hosts amount to negligence *per se. E.g., Davis v. Shiappacossee*, 155 So. 2d 365 (Fla. 1963); *Koback v. Crook*, 123 Wis. 2d 259, 366 N.W.2d 857 (1985). *See generally* Edward L. Raymond, Jr., Annotation, *Social Host's Liabilities for Injuries Incurred by Third Parties as a Result of Intoxicated Guests' Negligence*, 62 A.L.R. 4th 16 (1988); 45 Am. Jur. 2d *Intoxicating Liquors* § 555 (1969). As a result, I would hold that if the plaintiffs can prove that these

defendants violated N.C.G.S. § 18B-302, they will also have established negligence *per se* on the part of these defendants.

For the foregoing reasons, I concur in the result reached by the majority in affirming the holding of the Court of Appeals, which reversed the trial court's dismissal of the plaintiffs' claims against each of these defendants for failure to state a claim upon which relief could be granted. I agree with the majority's reasoning and conclusion to the effect that the plaintiffs have stated a cognizable claim against these defendants "for liability under common law principles of negligence." Since I reject the majority's unfortunate conclusion that these defendants' alleged violations of N.C.G.S. § 18B-302 do not amount to negligence *per se*, however, I must concur only in the result reached here by the majority.

Justice LAKE joins in the concurring opinion.