LAURA SPENCER v. JOHN H. FISHER.

(Filed 20 December, 1913.)

**1. Intoxicating Liquors—"Civil Damage Laws"—Sale to Minors—Interpretation of Statutes.**

Revisal, sec. 3525, giving a right of action for exemplary damages to the father, etc., against one who by sale or gift violates the provisions of section 3524, should be construed in connection with the latter section, thus making section 2535 apply to any person who keeps on hand intoxicating drinks or liquors for the purpose of sale or profit, and providing that such persons "shall be considered dealers within the meaning of this section," 3524.

**2. Same—Penal Statutes—Strict Construction—Common Law.**

Revisal, secs. 3524 and 3525, being among that class of statutes known as "civil damage laws," are highly penal, and give a right of action unknown to the common law, and should be strictly construed; and no one may be held liable under the statutes unless included in their terms.

**3. Intoxicating Liquors—"Civil Damage Laws"—Sale to Minors—Dealers—Interpretation of Statutes.**

When a shipment of intoxicating liquor is made to a minor under circumstances that would otherwise give a right of action to the parent, etc., under the provisions of section 3525 of the Revisal construed in connection with section 3524 thereof, and a bill of lading attached to the draft for the liquor is sent through the bank, which is paid by the minor to the cashier of the bank, who gives him the bill of lading with which he gets the liquor, the cashier, in his capacity as such, is not such a person as the statute contemplates, and an action against him, under its provisions, will not lie.

CLARK, C. J., concurring.

APPEAL by plaintiff from *Whedbee, J.,* at the May Term, 1912, of CRAVEN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*W. D. McIver for plaintiff.*
*No counsel for defendant.*

WALKER, J. This action was brought by the plaintiff to recover damages of the defendant for unlawfully selling liquor

to her son, Carl Spencer, in violation of Revisal, sec. 3525. The court sustained a demurrer to the complaint, and plaintiff appealed.

In order to understand the nature of the cause of action given by that statute, we will have to read and consider it in connection with the next preceding section.

Section 3524: "If any dealer in intoxicating drinks or liquors sell, or in any manner part with for a compensation therefor, either directly or indirectly, or give away such drinks or liquors, to any unmarried person under the age of 21 years, knowing the said person to be under the age of 21 years, he shall be guilty of a misdemeanor; and such sale or giving away shall be *prima facie* evidence of such knowledge. Any person who keeps on hand intoxicating drinks or liquors for the purpose of sale or profit shall be considered a dealer within the meaning of this section."

Section 3525: "The father, or, if he be dead, the mother, guardian, or employer of any minor to whom a sale or gift shall be made in violation of the preceding section, shall have a right of action in a civil suit against the person or persons so offending by such sale or gift, and upon proof of such illegal sale or gift shall recover from such party or parties so offending such exemplary damages as a jury may assess: *Provided*, that such assessment shall not be less than $25."

There was no action at common law of this kind. It is entirely statutory, and hence must be governed wholly by the provisions of the statute. Black on Intoxicating Liquors (1892), sec. 281. The statutes which are now familiarly known as "civil damage laws" are intended to impose a civil responsibility upon liquor dealers for some of the evils which their traffic engenders. These laws give a right of action, against such persons, to innocent parties who sustain injury by the intoxication of persons supplied with liquor by the defendants, or by the consequences of such intoxication, or by the acts of intoxicated persons, or by the furnishing of liquor to minors or drunkards, with knowledge of the minority or intemperate habits, after warning given not to do so. The civil damage law should receive a strict construction, being highly penal in its

character and introducing remedies unknown to the common law, and the statutes being framed in some jurisdictions so as to give to the party prosecuting a decided advantage over the party defending. Hence, for example, no person can maintain an action under its provisions to whom a right of action is not given by its terms. But, on the other hand, while a statute of this character should not be enlarged, it should be interpreted, where the language is clear and explicit, according to its true intent and meaning, having in view the evil to be remedied and the object to be attained. The evident object was to suppress the sale and use of intoxicating liquors, and to punish those who, in any form, furnished means of intoxication, by making them liable for damages which might arise and which were caused by the parties who furnished such means. It would be a gross failure of justice to put so narrow a construction upon these acts as to impair the effects they were intended to produce. Their beneficent purpose is not to be defeated by technical or verbal niceties. Under the civil damage laws of the more usual type, any person may maintain an action for injuries of a certain character suffered by or inflicted upon him through the intoxication of a third person, or by the acts of such person while drunk, when the intoxication was caused, entirely or in part, by liquor furnished by the defendant. But as the action is statutory, all the statutory requisites must be present before the suit can be sustained. Thus, there must be a "sale," "gift," or "furnishing" of liquor, according to the terms of the act. Black Int. Liquors, secs. 277, 279, and 304, and 23 Cyc., p. 309 *et seq.* The effect of statutes of this kind is to create a new cause of action in tort, and it is purely an action *ex delicto,* and not only that, but it is for a personal tort and injury, as much so as in the case of an assault and battery. Black, sec. 281. It is said in 23 Cyc., p. 309, that, "Civil damage laws create a new right of action unknown to the common law. A proceeding thereunder is not a criminal prosecution or an action for the recovery of a fine or penalty; it is simply an action of tort founded on the statute. And where the common-law system of pleading is in force, 'case' is the proper form of action under such statute."

If these well settled principles be applied to the facts stated in the complaint, and our statute is considered in connection therewith, it will be seen most clearly that the judgment of the court was correct. The sale of liquor to Carl Spencer is alleged to have been under these circumstances: A. Hatke & Co.'s agent at New Bern, N. C., took his order for a case of whiskey, which was shipped by rail to New Bern, and a draft, with bill of lading attached, for the price of the liquor was sent by mail to the defendant The Mutual Aid Banking Company for collection. The defendant's cashier, John H. Fisher, was informed by Carl Spencer's uncle that Carl was a minor and unmarried; but nevertheless, when Carl Spencer paid the draft, he surrendered to him the bill of lading, which was presented by Carl Spencer to the freight agent of the Norfolk Southern Railway Company at New Bern, and the package of liquor was thereupon delivered to him.

It will be observed that Revisal, sec. 3525, gives the action to the mother and others named, when the sale to the minor is made in violation of the preceding section, that is, section 3424, which by its very terms confines the forbidden sales to those made by "dealers in intoxicating drinks and liquors." The defendants are not such dealers, and no one, we presume, would say otherwise, for the statute itself, section 3524, defines such a dealer to be "a person who keeps on hand intoxicating drinks or liquor for the purpose of sale or profit." There is no allegation in the complaint that defendants ever dealt in liquor so as to make them "dealers" within the meaning or words of that definition, and they certainly are not within the intent or spirit of the statute. We have seen that as this is a right and remedy in derogation of the common law, or which did not exist before the passage of the law, the plaintiff must show such a case as will come within the language of the statute when strictly construed, but even the most liberal interpretation of its words will not embrace the case as made by the allegations of plaintiff's complaint.

The plaintiff cannot recover in any view of the case stated in her complaint, and whether the shipment was interstate or intrastate can make no difference, and we decline to consider that matter.

In what we have said we do not mean to imply that even at common law a mother may not have an action for damages for the unlawful sale of liquor to her minor child, when the effect of so doing is injurious to him and, consequentially, to her, as if the child, by reason thereof, should contract the baneful habit of excessive drinking and intoxication, or should be rendered unfit for any useful employment. We merely mention the matter, without expressing any opinion in regard to it. Some reference was made to it by *Justice Montgomery, arguendo,* in *Holleman v. Harward,* 119 N. C., 150. In that case a husband was permitted to recover damages of defendant for selling laudanum to his wife for use as a beverage, after being sufficiently cautioned not to do so, by which her mental and physical faculties were greatly impaired, to such an extent that she became an opium eater, and he was consequently deprived of her companionship, and otherwise seriously damaged. Suffice it to say that this action was brought upon the statute, and there are no allegations in the complaint sufficient to authorize a recovery for any other cause. We need not consider the defendant's other objections to plaintiff's complaint. The plaintiff has simply failed to allege any cause of action at common law, or under the statute, against the defendant, and the demurrer was, therefore, properly sustained.

Affirmed.

CLARK, C. J., concurring: The liquor was shipped from Richmond, Va., by A. Hatke & Co., wholesale whiskey dealers in that city, consigned to themselves at New Bern, N. C. On its arrival at New Bern the interstate dealing was completed. Any subsequent act to transfer the whiskey from Hatke & Co. to Carl Spencer, and the receipt of money from Spencer by Hatke's agent, was a transaction in this State forbidden by our statute. In *Delamater v. South Dakota,* 205 U. S., 93, it was held that, "Since the enactment of the Wilson law, which expressly provides that intoxicating liquors coming into a State should be as completely under the control of the State as though manufactured therein, the owner of intoxicating liquors in one State cannot, under the commerce clause of the Constitution,

go himself or send his agent into another State and in defiance of its laws carry on the business of soliciting proposals for the purchase of such liquors." If it is a violation of State law for Hatke through an agent to solicit a buyer for his liquor, it follows that he could not after the arrival of the liquor here, through an agent, dispose of it to Spencer and receive payment therefor without being liable to an action under Revisal, 3525.

. While the act is an intrastate act, our statute, Revisal, 3525, gives an action for damages only against the "dealer" in intoxicating liquors. It is not like a statute making such act a misdemeanor, for in that case those aiding and abetting are equally guilty. Our statute gives an action against the dealer only, and hence the demurrer was properly sustained. If, however, the plaintiff could obtain service upon Hatke by attachment of property or otherwise, the action would lie against him under our statutes.