**Frieda Marlene Hanks SIMPSON, Plaintiff,**

v.

**HURST PERFORMANCE, INC., Defendant.**

**No. C–76–80–WS.**

United States District Court, M. D. North Carolina, Winston-Salem Division.

Sept. 2, 1977.

Daniel J. Park and Raymond A. Parker, II, Elkin, N. C., for plaintiff.

William F. Maready of law firm of Hudson, Petree, Stockton, Stockton & Robinson, Winston-Salem, N. C., for defendant.

## MEMORANDUM ORDER

HIRAM H. WARD, District Judge.

This matter came on for hearing before the Court on August 30, 1977, on the motions of the defendant for judgment on the pleadings and in the alternative for summary judgment. The plaintiff instituted a civil action against the defendant seeking damages for personal injuries sustained by the plaintiff as a result of defendant's alleged negligence.

On July 18, 1974, the plaintiff was a passenger in an automobile which was equipped with a bench-type front seat. She was sitting in the middle of the front seat when the automobile was involved in a head-on collision with another vehicle. On impact, the plaintiff was thrown off the front seat and was impaled upon a floor-mounted gearshift lever. There was no restraint or seat belt for one riding in the middle of the front seat. The automobile originally had a manual transmission gearshift lever mounted upon the steering column. However, a previous owner had purchased a Hurst Indy three-speed shifter and installed it in the automobile, the shifter being designed to modify the standard gearshift lever mounted on the steering column by replacing it with a floor mounted shifter. The Hurst shifter was manufactured by the defendant.

The plaintiff alleges (1) that the gearshift lever manufactured by the defendant was a dangerous instrumentality when installed in an automobile with a bench-type front seat; (2) that the defendant knew of the danger involved; and (3) that the defendant failed to exercise reasonable care to inform and warn purchasers or users of the gearshift lever of the dangerous condition created when such gearshift was installed in an automobile with a bench-type front seat.

The Court has jurisdiction by reason of 28 U.S.C. § 1332; the plaintiff is a resident of North Carolina and the defendant is a Pennsylvania corporation.

■ This action is not barred by the statute of limitations. At the time of the alleged negligence and of the accident the plaintiff was a minor, and she brought this action within three years after the removal of such disability. N.C.G.S. § 1–17. Even if plaintiff had not been a minor, the statute of limitations would not be a bar, because under N.C.G.S. § 1–15(b), the cause of action is deemed to have accrued on July 18, 1974, the date of the accident in which the injuries were incurred. *Shuler v. Gaston County Dyeing Machine Co.*, 30 N.C.App. 577, 227 S.E.2d 634 (1976).

■ Any written statement which accompanied the purchase of the Hurst shifter attempting to limit warranties or other obligations would not be applicable to the plaintiff because of the lack of privity.

■ In North Carolina a manufacturer of products has the duty of reasonable or due care; he is not an insurer. *Corprew v. Geigy Chemical Corp.*, 271 N.C. 485, 157 S.E.2d 98 (1967). In *Swaney v. Peden Steel Co.*, 259 N.C. 531, 131 S.E.2d 601, 607 (1963), the North Carolina Supreme Court, quoting *Restatement of Torts* § 388, stated North Carolina law to be:

'One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier (a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied; (b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so.'

The duty of reasonable care comprehends a duty to warn of danger and consequently a manufacturer of a product which to his actual or constructive knowledge involves dangers to users has a duty to give warning of such dangers. *Stegall v. Catawba Oil*

*Co.,* 260 N.C. 459, 133 S.E.2d 138 (1963). However, the manufacturer is not liable for injury to the user by reason of a condition which is plainly observable. *Douglas v. W. C. Mallison & Son,* 265 N.C. 362, 144 S.E.2d 138 (1965).

 In the instant case an ordinary and prudent person would realize that, *if* there were an accident, the shifter would be dangerous and could cause injury to a person sitting in the middle of a bench-type front seat without a seat belt or restraint. By the exhibits in this case showing the location and appearance of the gearshift lever, the danger was obvious and was not one which only the manufacturer of the shifter could foresee. The defendant had reason to believe that those using the shifter and others within its vicinity (sitting in the front seat) would realize the danger involved. The shifter was not a latent or concealed defect. There was no duty to warn in the instant case because the danger was apparent. There being no duty to warn, the defendant was not negligent.

There is a split of authority on the issue of whether a manufacturer can be liable for aggravated injuries when its alleged negligence did not cause the accident. Some courts have followed *Evans v. General Motors Corp.,* 359 F.2d 822 (7th Cir. 1966), and have refused to hold the manufacturer liable, while other courts have followed *Larsen v. General Motors Corp.,* 391 F.2d 495 (8th Cir. 1968), and have allowed the manufacturer to be found liable. *See* Annot., 42 A.L.R.3d 560 (1972). There is no case decided by an appellate North Carolina state court which has discussed this issue. However, two United States District Courts for North Carolina have interpreted and predicted North Carolina law as rejecting the *Larsen* rule and have declared that while a manufacturer is liable for defects in its products which caused injuries arising out of the intended use for which the product is manufactured, it is not liable for injuries arising from defects of the automobile which did not cause or contribute to the cause of the accident. That is, where the negligence of the manufacturer did not cause the accident, then the manufacturer is not liable for aggravated injuries. *Alexander v. Seaboard Air Line R.R.,* 346 F.Supp. 320 (W.D.N.C.1971); *Bulliner v. General Motors Corp.,* 54 F.R.D. 479 (E.D.N. C.1971).

In this case, the defendant's alleged negligence did not cause or contribute to the cause of the accident, but only aggravated or enhanced the injuries suffered by the plaintiff. Therefore, applying North Carolina law as interpreted and predicted by the *Alexander* and *Bulliner* cases, even if the defendant manufacturer was negligent, it is not liable for such aggravated injuries.

Therefore, taking the facts in the light most favorable to the plaintiff as required whenever a motion for summary judgment is made, the Court concludes that summary judgment in favor of the defendant is appropriate.

It is, therefore, ORDERED that the defendant's motion for summary judgment be granted and the action dismissed.