JOSEPH W. FREEMAN, JR., GUARDIAN AD LITEM, FOR DAWN FRANCE, MINOR, ANGELA MOXLEY, WILLIAM FRANCE, LINDA FRANCE, AND NADINE M. BARE v. AARON PAUL FINNEY, BETTY SMITH FINNEY, LAUNE STEPHAN EARY, JODI LYNN LANDRETH, JOHN DOE, AND (TALMADGE L. WOODEL)

WILLIAM R. ZWIGARD, ADMINISTRATOR OF THE ESTATE OF TODD DOUGLAS ZWIGARD, DECEASED v. MOBIL OIL CORPORATION, D/B/A REELO, JAMES HYDE WILSON, JR. AND JAMES HYDE WILSON, SR.

Nos. 8223SC1029 and 8321SC336

(Filed 20 December 1983)

**Automobiles and Other Vehicles § 43; Intoxicating Liquors § 24; Negligence § 1.3 — selling beer to minors — possible liability for ensuing accident — granting motions to dismiss improper**

A vendor who sells malt beverages to a minor under 18 can be held liable to a third party negligently injured or killed by an intoxicated minor as the result of an automobile collision; therefore, where two separate plaintiffs properly alleged the cause of action based upon the sale of malt beverage to a person under the age of 18 years of age, the trial courts erred in granting the separate defendants' motions to dismiss or for judgments on the pleadings. G.S. 18A-56, G.S. 18A-8 and G.S. 18B-121.

APPEAL by plaintiff, *Freeman, Jr.,* from *Rousseau, Judge.* Judgment entered 20 July 1982 in Superior Court, ALLEGHANY County. Appeal by plaintiff, Zwigard, from *Wood, Judge.* Judgment entered 10 February 1983 in Superior Court, FORSYTH Coun-

ty. Cases consolidated and heard in the Court of Appeals 26 September 1983.

These cases, consolidated on appeal, present the question of whether a vendor who sells malt beverages to a minor under eighteen can be held liable to a third party negligently injured or killed by an intoxicated minor as the result of an automobile collision.

In the first case, plaintiff, Joseph W. Freeman, Jr., Guardian *Ad Litem* for Dawn France, a minor, alleges, in essence, that some time prior to 10:30 p.m. on 19 December 1980, an employee at Southside Produce, a store owned by defendant, Talmadge Woodel, sold beer to a minor under the age of eighteen. The minor, thereafter, became intoxicated and negligently drove his automobile into another automobile, injuring plaintiff, an occupant therein.

On 15 April 1982, a consent judgment was entered among the parties involved, which did not include defendant Woodel. On 20 July 1982, the court granted defendant Woodel's motion for judgment on the pleadings, with the costs of litigation taxed to plaintiffs. From this order, plaintiff appeals.

In the second case, plaintiff, William R. Zwigard, Administrator of the estate of his deceased son, Todd Douglass Zwigard, alleges, in essence, that around 1:30 p.m. on 8 November 1981, an employee at "Reelo," a convenience store with self-service gas pumps, owned by defendant, Mobil Oil, sold a six-pack of beer to a minor. The minor, in turn, gave some beer to her friend and driver, also a minor. As a result, the minor driver became intoxicated, lost control of the automobile he was driving and went off the road, striking and killing plaintiff's son, who was sitting on his bicycle at the curb.

On 10 February 1983, the court granted defendant's motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a claim upon which relief can be granted. From this order, plaintiff appeals.

---

---

*E. Vernon F. Glenn and David P. Shouvlin, for plaintiff appellant, Joseph W. Freeman, Jr., et al.*

*Morrow and Reavis, by John F. Morrow; and Womble, Carlyle, Sandridge and Rice, by Jimmy H. Barnhill and Juanita H. Blackmon, for plaintiff appellants.*

*Vannoy and Reeves, by Wade E. Vannoy, Jr., for defendant appellee, Talmadge L. Woodel.*

*Petree, Stockton, Robinson, Vaughn, Glaze and Maready, by R. M. Stockton, Jr. and John F. Mitchell, for defendant appellee, Mobil Oil Corporation.*

VAUGHN, Chief Judge.

G.S. 18A-8, in effect at the time of both actions, makes it a crime for any person, firm or corporation knowingly to sell or give malt beverages or unfortified wine to any person under eighteen years of age. Violation of such statute is a misdemeanor. G.S. 18A-56. There is no question that defendants in both actions violated the statute; the question before this Court is whether defendants can be subjected to civil liability for automobile accidents caused by the negligence of intoxicated minors who purchased malt beverages from defendants. For the reasons set forth below, we hold that plaintiffs' claims were improperly dismissed; whether plaintiffs can prove a cause of action against defendants is a matter for the jury to determine from the attendant circumstances, not for the court to determine as a matter of law.

To make out a prima facie case of common law negligence plaintiffs must establish:

(1) that defendants had a duty or obligation recognized by the law, requiring them to conform to a certain standard of conduct, for the protection of others against unreasonable risks;

(2) a failure on defendants' part to conform to the standard required;

(3) a reasonably close causal connection between defendants' conduct and plaintiffs' injuries; and

(4) actual loss or damage.

*Hutchens v. Hankins,* 63 N.C. App. 1, 13, 303 S.E. 2d 584, 592, *review denied,* 309 N.C. 191, 305 S.E. 2d 734 (1983), *quoting* W. Prosser, The Law of Torts, § 30, p. 143 (4th ed. 1971).

G.S. 18A-8 imposes upon defendants a duty or obligation not to sell beer to minors. The purpose of this statute is to protect both the minor and the community at large from the possible adverse consequences of the minor's intoxication. *See Hutchens, supra.* When a statute, such as the one in this case, imposes upon a person a specific duty for the protection of others, a violation of such statute constitutes negligence *per se. Lutz Industries, Inc. v. Dixie Home Stores,* 242 N.C. 332, 88 S.E. 2d 333 (1955); *Hutchens, supra.* Defendants, in other words, were negligent as a matter of law when they failed to conform to the standard imposed by G.S. 18A-8. It is up to plaintiffs, however, to prove that defendants' negligence was a proximate cause of their injuries.

The test of proximate cause is whether a person of ordinary prudence could have reasonably foreseen the actual results or similar injurious results from their negligent conduct. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970). Although plaintiffs' injuries were a direct result of the minors' negligent driving, there can be more than one proximate cause of an injury. *Hutchens, supra; Hester v. Miller,* 41 N.C. App. 509, 255 S.E. 2d 318, *review denied,* 298 N.C. 296, 259 S.E. 2d 913 (1979). A person may be held liable if his negligent conduct was a substantial, foreseeable cause of another's injuries. *See Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1 (1960). Defendants should not be insulated from liability as a matter of law merely because their conduct was, if anything, an indirect cause of plaintiffs' injuries. Nor should defendant in the second case be insulated from liability merely because he did not sell beer to the driver, but sold it to another minor who, in turn, gave the beer to the driver. Defendants' negligent conduct, in both cases, started the chain of events leading to plaintiffs' injuries. The question of whether defendants should have foreseen the injurious consequences from their negligent conduct and whether their conduct was a substantial cause of plaintiffs' injuries cannot be discarded as a matter of law on a motion to dismiss or for judgment on the pleadings.

Defendants cite a case decided in 1913 for the proposition that plaintiffs have no cause of action against defendants. In

*Spencer v. Fisher,* 161 N.C. 116, 76 S.E. 731 (1913), our Supreme Court interpreted a civil damage statute, in effect at the time, making it a misdemeanor for a dealer to sell intoxicating liquors to an unmarried minor and giving the father, or if he be dead, the mother, guardian, or employer of such minor a right of action against the dealer if injurious consequences followed from the sale. In *Spencer,* liquor had been shipped, with a minor receiving the bill of lading for the shipment from a bank cashier. The Court strictly construed the word "dealer" in the statute, so as not to impose liability on the bank cashier. In *dicta,* the Court explained that a cause of action under such statute was governed wholly by its provisions, *there being no cause of action at common law. Id.* at 117, 76 S.E. at 732. (Emphasis added.) The civil damage statute in the *Spencer* case, later codified as G.S. 14-332 remained in effect until 1971 when the General Assembly repealed this statute. When plaintiffs' claims arose in the instant cases, we had no civil damage statute.

We do not find the *Spencer* decision to be on point or its *dicta* to be controlling. As we have explained in the past:

> The doctrine of *stare decisis* contemplates only such points as are actually involved and determined in a case, and not what is said by the Court . . . on points not necessarily involved therein. Such expressions, being, *obiter dicta,* do not become precedents . . . . It cannot be reasonably expected that every word, phrase, or sentence contained in a judicial opinion will be so perfect and complete in comprehension and limitation that it may not be improperly employed by wresting it from its surroundings, disregarding its context and the change of facts to which it is sought to be applied . . . .

*Moose v. Commissioners,* 172 N.C. 419, 433-34, 90 S.E. 441, 448-49 (1916) *quoting* 7 R.C.L., 1000, 3, 4, *cited with approval* in *Hayes v. Wilmington,* 243 N.C. 525, 536, 91 S.E. 2d 673, 682 (1956). We adhere to the rationale adopted by the Minnesota Supreme Court to the effect that in 1913, when the *Spencer* decision was rendered, it could be said as a matter of law that the commingling of alcohol and horses did not produce a foreseeable injury. In 1980 and 1981, however, when plaintiffs' claims arose, the commingling of alcohol and horsepower presented a different situation in which

the reasonably prudent person might have foreseen the possible injurious consequences. *See Trail v. Christian,* 298 Minn. 101, 111, 213 N.W. 2d 618, 624 (1973), *citing Garcia v. Hargrove,* 46 Wis. 2d 724, 737, 176 N.W. 2d 566, 572 (1970) (Hallows, C.J., dissenting).

That the jury, not the judge, should determine the question of defendants' liability has been stated by our courts in two recent cases presenting parallel situations. In *Chastain v. Litton Systems, Inc.,* 694 F. 2d 957 (4th Cir. 1982), *cert. denied,* U.S., 103 S.Ct. 2454, 77 L.Ed. 2d 1334 (1983), defendant furnished alcohol to an employee at a Christmas party, allowing him to become intoxicated and then to drive home. The employee, while intoxicated, ran a red light and caused the death of another driver. The Fourth Circuit Court of Appeals, applying North Carolina law, reversed an order granting defendant's motion for summary judgment. The Court discussed the issue of proximate cause and concluded that if defendant were a business host, then its negligence would not be insulated as a matter of law by the negligence of its intoxicated guest who injured another.

In *Hutchens, supra,* an employee of defendant, the owners and operators of a tavern, furnished alcoholic beverages to an intoxicated customer, who, as a result of such intoxication, negligently drove his automobile, injuring plaintiffs. After extensive analysis, this Court reversed the trial court order granting defendant's motion to dismiss:

> If we assume, as we must, to test the sufficiency of the complaint, that the defendant tavern owners unlawfully and negligently sold malt beverages to [the customer] which resulted in his intoxication, which in turn caused or contributed to his negligent operation of the motor vehicle at the time of the accident, then a jury could reasonably find that the plaintiffs' injuries resulted in the ordinary course of events from defendants' negligence and that such negligence was, in fact, a substantial factor in bringing them about.

63 N.C. App. at 26, 303 S.E. 2d at 599. We adopt and expand the reasoning from *Chastain* and *Hutchens* in finding that plaintiffs hereunder have alleged a common law cause of action against defendants.

Had the accidents in the instant cases occurred after 1 October 1983, there would be no question but that plaintiffs would

have alleged a cause of action arising under the dram shop provisions of the "Safe Roads Act," enacted by the General Assembly on 3 June 1983. Safe Roads Act, ch. 435, 1983 N.C. Sess. Laws (to be codified as G.S. 18B-120, *et seq.*). A provision, to be codified as G.S. 18B-121, gives persons who sustain injury as a consequence of the actions of an underage person a claim for relief against a permittee or local Alcoholic Beverage Control Board if:

(1) The permittee or his agent or employee or the local board or its agent or employee negligently sold or furnished an alcoholic beverage to an underage person; and

(2) The consumption of the alcoholic beverage that was sold or furnished to an underage person caused or contributed to, in whole or in part, an underage driver's being subject to an impairing substance within the meaning of G.S. 20-138.1 at the time of the injury; and

(3) The injury that resulted was proximately caused by the underage driver's negligent operation of a vehicle while so impaired.

For the reasons we have heretofore stated, plaintiffs have alleged a cause of action existing independent of this new statutory right. What they can prove, however, is another matter. For the reasons stated, the judgments from which the plaintiffs appeal are reversed.

Reversed.

Judges WHICHARD and PHILLIPS concur.