**Debra L. COLLIER as Personal Representative of the Estate of Randy Collier, Plaintiff,**

v.

**VARCO–PRUDEN BUILDINGS, A DIVISION OF UNITED DOMINION INDUSTRIES, INC., Defendant and Third–Party Plaintiff,**

v.

**BULLDOG ERECTORS, INC., Third–Party Defendant.**

**Civ. A. No. 6:95–430–20.**

United States District Court,
D. South Carolina,
Greenville Division.

Oct. 30, 1995.

Thomas H. Coker, Jr., Cynthia Buck Brown, Esq. and Moffatt G. McDonald, Haynsworth, Marion, McKay & Guerard, L.L.P., John P. Mann, Sr., and James J. Reid, Greenville, SC, for plaintiff.

Robert W. Fuller, and Brian S. McCoy, Robinson, Bradshaw & Hinson, P.A., Rock Hill, SC, for def. and third-party plaintiff.

Richard C. Thomas, Barnes, Alford, Stork & Johnson, Columbia, SC, for third-party def.

### ORDER

HERLONG, District Judge.

This matter is before the court on the motion of the defendant, Varco–Pruden Buildings ("Varco–Pruden"), for summary

judgment. The plaintiff, Debra Collier, as personal representative of the estate of Randy Collier ("Collier"), filed this wrongful death action after Collier was killed when he fell from the top of a building while constructing the roof. Third-party defendant Bulldog Erectors, Inc. was Collier's employer. Defendant Varco–Pruden is the manufacturer of the prefabricated building on which Collier was working. At the time of the accident, Collier was installing roofing panels. The plaintiff's theory is that Collier fell because he slipped on an oily substance that Varco–Pruden applies to the roofing panels to prevent corrosion.

■ Varco–Pruden has moved for summary judgment on two grounds. First, it contends that it is entitled to summary judgment under North Carolina products liability law. Both the plaintiff and Varco–Pruden agree that, in North Carolina, manufacturers are not liable for injuries caused by obvious dangers. *See Simpson v. Hurst Performance, Inc.*, 437 F.Supp. 445, 447 (M.D.N.C. 1977) (holding that defendant had no duty to warn plaintiff who was impaled by the gearshift lever while riding in the middle of the front seat of an automobile with no seatbelt because danger was obvious), *aff'd*, 588 F.2d 1351 (4th Cir.1978); *McCollum v. Grove Mfg. Co.*, 58 N.C.App. 283, 293 S.E.2d 632, 636 (1982) (upholding directed verdict where plaintiff construction worker who was injured by a crane testified that he knew the crane operator's visibility was restricted), *aff'd*, 307 N.C. 695, 300 S.E.2d 374 (1983). Varco–Pruden argues that "[t]he danger of walking on oily roof panels 26 feet above a concrete slab is patently obvious." (Def.'s Mem.Supp. Mot.Summ.J. at 11.) It has submitted the testimony of the construction foreman, Richard Hyler ("Hyler"), stating that Collier would have known about the oil on the panels. (Hyler Dep. at 82, 92.) Hyler further testified that anyone handling the panels could not help getting oil on his hands. (*Id.* at 92.) This statement is corroborated by another worker, William Senn ("Senn"). (*See* Senn Dep. at 17–18.) Hyler also stated that Collier had previously worked on other, similar roofs. (Hyler Dep. at 12–13.)

■ By contrast, the plaintiff has submitted an affidavit by Richard Baxter ("Baxter"), who apparently is an expert in the construction of prefabricated buildings. Baxter states that "while experienced roofers may have knowledge regarding the factory applied oil on pre-engineered metal roofing panels, the actual installer, with little or no experience, may have no knowledge regarding the oily substance on the metal roofing panels." (Baxter Aff. ¶ 10.) The court finds this statement to be too speculative to create a genuine issue of material fact as to whether the oil on the panels was a patent danger. All of the evidence clearly indicates that Collier knew about the oil. *See Textron Inc. v. Barber–Colman Co.*, 903 F.Supp. 1546, 1552 (W.D.N.C.1995) ("[T]he inferences a court is asked to draw by expert testimony must be reasonable in light of competing inferences."). Accordingly, the court finds that the oil was an obvious danger to Collier and, in light of North Carolina law, concludes that Varco–Pruden's motion for summary judgment should be granted on that ground.

■ Even if the danger were not patent, however, the court finds that the plaintiff has not produced sufficient evidence to establish causation, an essential element of her case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). There are no witnesses who actually saw what caused Collier to fall. Senn, an installer who was on the roof when Collier fell, states in his affidavit, "From what I saw, Mr. Collier's accident happened because the panels he was standing on while trying to fasten them slipped and caused him to lose his balance or he may have slipped and fallen on an unsupported panel." (Senn Aff. ¶ 5.) He further avers that the roof panels were very oily and slick. (*Id.* ¶ 7.) Additionally, the plaintiff's expert asserts that "it seems more likely than not that Mr. Collier slipped on the oily [roofing] panel." (Baxter Aff. ¶ 16.) By contrast, Hyler states that in his professional opinion based on his knowledge of the facts, the oil had nothing to do with Collier's fall. (Hyler Dep. at 83.)

The Rules of Evidence provide:

If scientific, technical, or other specialized knowledge will assist the trier of fact to

understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. Fed.R.Evid. 702. Under the federal rules, courts have a duty to screen evidence submitted by experts for relevance and reliability. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, ——, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993). An expert must have an adequate basis for his testimony, and it is within the trial court's discretion to decide whether such a basis has been shown. *Horton v. W.T. Grant Co.*, 537 F.2d 1215, 1218 (4th Cir.1976). "An expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record." *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 142 (4th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 729, 130 L.Ed.2d 633 (1995). Moreover, conflicts in the testimony of experts present a jury question only if the party with the burden of proof has offered enough evidence to sustain a verdict in its favor. *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 421 (4th Cir.1993).

The court finds that Baxter's testimony does not have a reasonable basis in fact. There is simply insufficient evidence from which any person could determine what caused Collier to fall. Baxter's testimony amounts to nothing more than his speculation as to what "most likely" happened, and has no support in the record. *See Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 142 (4th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 729, 130 L.Ed.2d 633 (1995). Accordingly, Baxter's testimony should be excluded.

The only other evidence the plaintiff has presented regarding causation is the testimony of Senn, who was working on the roof when Collier fell. Senn's statement, however, does not tend to establish that Collier fell because of the oil, as opposed to simply losing his balance or some other reason. Senn did not see what caused Collier to fall. (*See* Senn Dep. at 7–8, 39.) He testified that he observed Collier working on the roof, that he looked away for a short time, and that he looked back toward Collier when he heard a shout. (*See id.* at 40.) At that point, he saw Collier in the air in the process of falling. (*Id.* at 7.) Therefore, his statement that "[f]rom what I saw, Mr. Collier's accident happened because the panels he was standing on while trying to fasten them slipped ... or he may have slipped and fallen on an unsupported panel" is simply Senn's guess as to what accounted for Collier's fall.

Thus, the plaintiff has merely demonstrated that there was oil on the panels, and that Collier fell from the roof. There is no evidence that links the oil to the fall, *see Textron Inc. v. Barber–Colman Co.*, 903 F.Supp. 1546, 1554 (W.D.N.C.1995), and thus nothing to show that the oil was the proximate cause of the fall. The plaintiff simply does not have enough evidence, circumstantial or otherwise, to show that the cause of Randy Collier's fall was the oil on the panels, rather than some other reason. Accordingly, she has failed to establish an essential element of her case, and Varco–Pruden's motion for summary judgment should be granted on that ground.

For the foregoing reasons, it is

**ORDERED** that Varco–Pruden's motion for summary judgment is granted.

**IT IS SO ORDERED.**