ESTATE OF DWAINE LYDELL DARBY, BY LISTON S. DARBY, ADMINISTRATOR, PLAINTIFF V. MONROE OIL COMPANY, INCORPORATED AND CITY OF MONROE BOARD OF ALCOHOLIC BEVERAGE CONTROL, DEFENDANTS AND THIRD-PARTY PLAINTIFFS V. ESTATE OF OTIS STEPHEN BLOUNT, BY JOSEPH L. HUTCHERSON, II, ADMINISTRATOR, THIRD-PARTY DEFENDANT

No. COA96-1381

(Filed 19 August 1997)

**Intoxicating Liquor § 63 (NCI4th)— car accident—Dram Shop Act—underage driver—aiding and abetting**

The trial court did not err by granting summary judgment for defendant Monroe Oil Company in an action under the Dram Shop Act, N.C.G.S. § 18B-120 *et seq.*, where the court concluded that the plaintiff was not an "aggrieved party" within the meaning of the Act because the evidence indicated that plaintiff's decedent assisted the underage driver of the car in purchasing the alcohol which contributed to the accident. Although the courts have not previously addressed the issue of what constitutes "aiding and abetting" in the context of the Dram Shop Act, there are a plethora of criminal cases which define the term.

Appeal by plaintiff from order entered 31 January 1996 by Judge Peter M. McHugh in Union County Superior Court. Heard in the Court of Appeals 5 June 1997.

*Griffin, Caldwell, Helder, Lee & Helms, P.A., by W. David Lee and R. Kenneth Helms, Jr., for plaintiff.*

*Womble, Carlyle, Sandridge & Rice, P.L.L.C., by Timothy G. Barber and Steven D. Gardner, for defendant Monroe Oil Company.*

WYNN, Judge.

This civil action arose out of an alcohol related single car accident that occurred shortly after midnight on 1 May 1993 in Union County, North Carolina. Tragically, the accident killed all of the occupants including the driver, Otis Blount; the front seat passenger and owner of the vehicle, Dwaine Lydell Darby; and two backseat passengers, Melissa Mullis and Patricia Teel. All were under twenty-one (21) years of age.

Viewing the evidence in the light most favorable to the appellant Estate of Darby, as we must in deciding the propriety of a summary judgment, we find that the record indicates that earlier that evening, Blount on at least two occasions purchased liquor for himself and others from a store operated by the Monroe County Alcoholic Beverage Control Board ("Monroe ABC"). Afterwards, Blount and Dwaine Darby gathered with others at TJ's, a local teen spot in Monroe, North Carolina. While at that night spot, someone used what appears to have been car keys to scratch the initial "DK" into Darby's car. Thereafter, Blount drove Darby's car—with Darby as a passenger—in search of the person suspected of making the scratch. The record indicates that Blount drove Darby's car wildly through Union County, traveling at high speeds, careening off the road twice and spinning into a ditch. Unable to find the person suspected of making the initials, they returned to TJ's.

For reasons not given in the record, the group including Blount, Darby and other teens were asked to leave TJ's. They decided to go to one of the teens' house for a party. Before leaving the night spot, several of the teens contributed money so that Blount could buy beer for them for the party. Darby did not contribute any money; however, he drove his car with Blount, Mullis and Teel as passengers to a convenience store operated by Monroe Oil Company, Inc. ("Monroe Oil Company"). There, Blount purchased beer and returned to the car, but this time as the driver. On the way to the party, Blount ran off the road and crashed into a tree killing all occupants.

ESTATE OF DARBY v. MONROE OIL CO.

[127 N.C. App. 301 (1997)]

Darby's estate sued Monroe ABC and Monroe Oil Company under N.C. Gen. Stat. § 18B-120 *et seq.* (1996) ("the Dram Shop Act") and N.C. Gen. Stat. § 28A-18 *et seq.*(1996) ("the Wrongful Death Statute"). Following a pretrial hearing, the trial court denied Monroe ABC's motion for summary judgment but granted summary judgment in favor of Monroe Oil. Prior to the trial of the claim against Monroe ABC, Darby's estate settled with Monroe ABC and the trial court entered judgment accordingly. Thereafter, Darby's estate appealed the earlier grant of summary judgment in favor of Monroe Oil to this Court.

---

The dispositive issue on appeal is whether Dwaine Darby aided and abetted Otis Blount in the purchase of beer from Monroe Oil and therefore is not an "aggrieved party" within the meaning of the Dram Shop Act. We hold that he did and therefore conclude that his estate may not recover against Monroe Oil under the Dram Shop Act.

An action brought under the Dram Shop Act is an action brought against the permittee or local Alcohol Beverage Control Board for negligently selling or furnishing alcohol to an underage person who, after becoming impaired, negligently operates a vehicle and causes injury. N.C.G.S. § 18B-121. To recover under the Dram Shop Act, an individual must be an "aggrieved party" as defined by that statute which states:

"Aggrieved party" means a person who sustains an injury as a consequence of the actions of the underage person, *but does not include the underage person or a person who aided or abetted in the sale or furnishing to the underage person.*

N.C.G.S. § 18B-120 (emphasis added).

Our Courts have not previously addressed the issue of what constitutes "aiding and abetting" in the context of the Dram Shop Act. We are, however, guided by a plethora of criminal law cases which define that term as:

An aider or abettor is a person who is actually or constructively present at the scene of the crime and who aids, advises, counsels, instigates or encourages another to commit the offense.

*State v. Barnette*, 304 N.C. 447, 458, 284 S.E.2d 298, 305 (1981); *State v. Bell*, 270 N.C. 25, 153 S.E.2d 741 (1967); *State v. Hargett*, 255 N.C. 412, 121 S.E.2d 589 (1961); 7 Strong's North Carolina Index 4th, Criminal Law § 44 (1989).

In this case, the pertinent facts show that Blount and Darby were part of a group of teens who gathered at TJ's, a local teen night spot in Monroe, North Carolina. The group was asked to leave the club and they decided to go to someone's home for a party. Before leaving TJ's, the group decided to get some alcohol and several of them contributed money so that Blount could purchase beer. While the evidence tends to indicate that Darby did not contribute any money towards the purchase of the alcohol, he did drive Blount to the convenience store in his own car. Once at the store, he waited in his car while Blount purchased the beer and upon Blount's return to the vehicle, he permitted Blount to drive his car with the illegally purchased beer. Thus, irrefutably Darby actively assisted Blount in the purchase of the beer. Under these facts, we must find that he "aided and abetted" Blount in the purchase of the beer. We are therefore constrained by the legislature's "aided and abetted" exception to the definition of an "aggrieved party" to find that his estate's claim under the Dram Shop Act is barred as a matter of law.

Accordingly, the order of the trial court granting Monroe Oil's motion for summary judgment is,

Affirmed.

Judges LEWIS and MARTIN, John C., concur.