**ESTATE OF MULLIS v. MONROE OIL CO.**

[127 N.C. App. 277 (1997)]

ESTATE OF JACQUELINE MELISSA MULLIS, by KATHY DIXON, ADMINISTRATOR, PLAINTIFF-APPELLANT v. MONROE OIL COMPANY, INCORPORATED, CITY OF MONROE ALCOHOLIC BEVERAGE CONTROL, LISTON S. DARBY, ADMINISTRATOR OF THE ESTATE OF DWAINE LYDELL DARBY, AND THE ESTATE OF OTIS STEPHEN BLOUNT, DEFENDANTS-APPELLEES

No. COA96-1230

(Filed 19 August 1997)

### Intoxicating Liquor § 64 (NCI4th)— underage driver—alcohol related accident—Dram Shop action not timely filed— wrongful death action—summary judgment for defendant

The trial court did not err in granting defendants' motion for summary judgment in a wrongful death action brought by the decedent's estate where the decedent was killed in an alcohol related accident in which an underage driver purchased alcohol from stores owned by defendants. Plaintiff failed to file a timely action pursuant to N.C.G.S. § 18B-120, the Dram Shop Act, and may not maintain a wrongful death action because the decedent had she lived could not have established an action for negligence *per se* or for common law negligence. The Dram Shop Act provided the sole cause of action available to plaintiff.

Appeal by plaintiff from order entered 10 May 1996 by Judge Jerry Cash Martin in Union County Superior Court. Heard in the Court of Appeals 15 May 1997.

*Clark, Griffin & McCollum, L.L.P., by Joe P. McCollum, Jr. and William L. McGuirt, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, P.L.L.C., by Timothy G. Barber and Steven D. Gardner, for defendant-appellee Monroe Oil Company.*

*Morris, York, Williams, Surles & Brearley, by R. Gregory Lewis, and Jordan, Price, Wall, Gray & Jones, by Joseph E. Wall for defendant-appellee Monroe Alcoholic Beverage Control Board.*

WYNN, Judge.

The facts of this appeal are set forth in greater detail in the companion case of *Estate of Darby v. Monroe Oil Co., Inc.*, 127 N.C. App. 301, 488 S.E.2d 828 (1997). The following facts are pertinent to this appeal: Shortly after midnight on 1 May 1993, Otis Stephen Blount

drove a vehicle owned by the front seat passenger, Dwaine Darby, off the road and into a tree killing himself, Darby and the two backseat passengers, Melissa Mullis and Patty Teel. All were under the age of twenty one and the accident was caused by Blount's intoxication. Earlier that evening, Blount had twice purchased and consumed liquor from a store operated by defendant City of Monroe Alcoholic Beverage Control ("Monroe ABC") and beer from a convenience store owned by defendant Monroe Oil Company, Inc. ("Monroe Oil").

Unlike the plaintiff estate in *Estate of Darby*, for reasons not given in the record, the Estate of Melissa Mullis failed to file an action under N.C. Gen. Stat. § 18B-120 (1996) ("the Dram Shop Act") within the one year statute of limitations period. Having lost this opportunity to obtain relief under the Dram Shop Act, the administrator of Melissa Mullis' estate brought a wrongful death action alleging that Monroe Oil and Monroe ABC negligently sold alcoholic beverages to an underage person in violation of N.C. Gen. Stat. § 18B-102 (1996) (prohibiting the unlawful manufacture, sale, etc. of alcohol) and N.C. Gen. Stat. § 18B-302 (1996) (prohibiting the sale of alcohol to underage persons). Following discovery, Monroe Oil and Monroe ABC moved for and the trial court granted summary judgment. From that judgment, the Estate of Mullis appealed to this Court.

We confront in this appeal the novel question of whether a plaintiff may maintain a wrongful death action against a vendor on the basis of the vendor's unlawful sale of alcohol to an underage person in violation of N.C.G.S. § 18B-102 in general, and more specifically, N.C.G.S. § 18B-302.

The plaintiff, Estate of Mullis, in this case, argues that in addition to the cause of action provided by the Dram Shop Act, a cause of action may be maintained under the wrongful death statute against vendors who unlawfully sell alcohol to underage persons who as a result of their intoxication from the consumption of alcohol injures or kills others. In response, the vendors in this case, Monroe Oil and Monroe ABC, contend that the Dram Shop Act provides the exclusive remedy for Estate of Mullis. Alternatively, they argue that Melissa Mullis' contributory negligence bars, as a matter of law, any potential wrongful death action.

For the reasons given below, we interpret our Supreme Court's decision in *Hart v. Ivey*, 332 N.C. 299, 420 S.E.2d 174, (1992), to compel a finding that the Estate of Mullis may not maintain an action under the wrongful death statute in this case.

In *Carver v. Carver*, 310 N.C. 669, 673, 314 S.E.2d 739, 742 (1984), our Supreme Court noted:

> [I]n determining whether any wrongful death action is maintainable, this Court has consistently analyzed the question in terms of whether the deceased had he lived would have had a claim against defendant for injuries inflicted. If so, then the estate of the deceased may maintain an action for wrongful death; if not, then the action for wrongful death will not lie.

Thus, to maintain a wrongful death action against the vendors in the instant case, the Estate of Mullis must show that the deceased, Melissa Mullis, would have had a claim against Monroe Oil and Monroe ABC had she lived. We conclude that had Melissa Mullis lived, she could have maintained neither a negligence *per se* cause of action based on a violation of N.C.G.S. § 18B-302, nor an action under common law negligence based on the selling of alcohol to underage persons in violation of N.C.G.S. § 18B-102.

First, had Melissa Mullis lived, she could not have established that a violation of N.C.G.S. § 18B-302 was negligence *per se*. The Estate of Mullis argues that the vendors' alleged violation of N.C.G.S. § 18B-302—making it unlawful to sell or give alcoholic beverages to persons under twenty-one years of age—constitutes negligence *per se*. However, in *Hart v. Ivey*, our Supreme Court, after determining that this statute was not a public safety statute, held that "a violation of N.C.G.S. § 18B-302 is not negligence *per se*." 332 N.C. at 304, 420 S.E.2d at 177. The Court explained that the purpose of this statute was not to protect the driving public from intoxicated drivers, rather it was to restrict the consumption of alcohol by minors. *Id.* Thus, Melissa Mullis could not have established that the vendors' violation of N.C.G.S. § 18B-302 constituted negligence *per se*.

Second, had Melissa Mullis lived, she could not have established a common law negligence action. To establish a *prima facie* case of common law negligence, a plaintiff must show:

> (1) that defendants had a duty or obligation recognized by the law, requiring them to conform to a certain standard of conduct, for the protection of others against unreasonable risks;
>
> (2) a failure on defendants' part to conform to the standard required;

(3) a reasonably close causal connection between defendants' conduct and plaintiffs' injuries; and

(4) actual loss or damage.

*Freeman v. Finney and Zwigard v. Mobil Oil Corp.*, 65 N.C. App. 526, 528, 309 S.E.2d 531, 533, *disc. review denied*, 310 N.C. 744, 315 S.E.2d 702 (1984). "Our courts to date have not articulated any common law duty existing between a third-party furnishing alcohol to underage persons and the public at large." *Hart v. Ivey*, 102 N.C. App. 583, 594, 403 S.E.2d 914, 921, *aff'd on other grounds*, 332 N.C. 299, 420 S.E.2d 174 (1992). Moreover, in *Hutchens v. Hankins*, 63 N.C. App. 1, 5, 303 S.E.2d 584, 587, *disc. review denied*, 309 N.C. 191, 305 S.E.2d 734 (1983), this Court observed that "[u]nder the common law rule it was not a tort to either sell or give intoxicating liquor to ordinary able-bodied men, and no cause of action existed against one furnishing liquor in favor of those injured by the intoxication of the person so furnished."

Concerning the existence of a duty under common law negligence to the general public, we find it significant in this case that unlike the plaintiffs in *Hart* and *Hutchens*,[1] the Estate of Mullis did not allege that the vendors furnished the alcohol to Blount with either actual or constructive knowledge that he was intoxicated.

In *Hart*, the plaintiffs alleged facts sufficient to support a claim of actionable common law negligence in that "the defendants served an alcoholic beverage to a person they knew or should have known was under the influence of alcohol and that the defendants knew that the person who was under the influence of alcohol would shortly thereafter drive an automobile." 332 N.C. at 305, 420 S.E.2d at 178. Writing for the Court, Justice Webb concluded that "[t]he defendants were under a duty to the people who travel on the public highways not to serve alcohol to an *intoxicated* individual who was known to be driving." *Id.* (emphasis supplied.); *see also, Hutchens*, 63 N.C. App. at 2, 303 S.E.2d at 586. "[A] licensed provider of alcoholic beverages for on-premises consumption may be held liable for injuries or damages proximately resulting from the acts of persons to whom beverages were illegally furnished while intoxicated.")

---

1. The common law actions found in *Hart* and *Hutchens* were premised on the provision of alcohol to intoxicated persons which is prohibited by N.C. Gen. Stat. 18B-305 (formerly § 18B-34)—a *per se* negligence statute. *See Hart* 332 N.C. at 304, 420 S.E.2d at 177. While both cases turned on the decision to find that the common law supported an action of negligence against the alcohol providers, the determination that

In sum, we conclude that the Dram Shop Act provided the sole cause of action available to the Estate of Mullis.[2] Having failed to timely file an action under that statute, the Estate of Mullis cannot obtain relief under the wrongful death statute because Melissa Mullis could not have maintained an action against defendants either under a theory of negligence *per se* or common law negligence, had she lived. Therefore, the trial court's grant of summary judgment for defendants must be,

Affirmed.

Judges LEWIS and MARTIN, John C., concur.

---

the statute is a safety statute indicates that it was designed to protect the general public and thus, a duty was owed by the alcohol providers to the general public not to provide alcohol to intoxicated persons known to be driving. As noted earlier, violation of the statute in the subject case, 18B-302, does not constitute *per se* negligence.

2. Since the Dram Shop Act is not at issue, we do not address the issues of whether the deceased was contributorily negligent or "aided and abetted" in the purchase of the alcohol. *See, Darby*, 127 N.C. App. 301, —— S.E.2d —— (1997).